IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Group One Trading LP,<br><br>  Plaintiff,<br><br>v.<br><br>Lauren DeLuca, Lawrence Spieldenner, John Superson and Stanton Todd,<br><br>  Defendants. | No. 07 CV 6881<br><br>Honorable Virginia M. Kendall<br><br>Magistrate Judge Susan E. Cox |

### PLAINTIFF GROUP ONE'S MOTION FOR EXPEDITED DISCOVERY

Plaintiff Group One Trading LP ("Group One"), by and through the undersigned attorneys, pursuant to Federal Rule of Civil Procedure 26(d), hereby moves this Court for leave to conduct expedited discovery in support of its Motion for a Temporary Restraining Order and Preliminary and Permanent Injunction against Defendants, Lauren DeLuca, Lawrence Spieldenner, John Superson and Stanton Todd ("Defendants"). In support of this Motion, Group One states as follows:

1. Group One commenced this action by filing a Complaint for injunctive and other relief on claims of copyright infringement, trade secret theft, computer tampering, breach of contract and conversion against Defendants on December 6, 2007.

2. Defendants were formerly traders for Group One. In that capacity, Defendants had access to Group One's copyrighted works, trade secrets, and confidential and proprietary information on a need-to-know basis only.

3. Defendants abruptly resigned from their positions with Group One and already had begun scheming to start a competing business, stealing intellectual property, trade secrets and other confidential documents from Group One, and soliciting Group One employees, prior to and upon their resignation from Group One.

4.     Defendants' actions constitute breaches of the restrictive covenants in their Employment Agreements with Group One. Likewise, Defendants have converted Group One's property and violated the Federal Copyright Act, Illinois Trade Secrets Act, and Illinois Computer Crime Prevention Law.

5.     Group One has moved this Court, pursuant to Federal Rule of Civil Procedure 65, for the entry of a temporary restraining order and a preliminary and permanent injunction.

6.     Group One will ask this Court to set a hearing on the Motion for Preliminary Injunction at the Court's earliest convenience.

7.     Group One has served Defendants with a copy of the Complaint and its Motion for a Temporary Restraining Order and Preliminary and Permanent Injunction.

8.     Group One will need to depose Defendants and other witnesses, as well as request and examine documents which some of those persons will be required to produce. Group One requests that it be permitted to begin and complete this discovery and that Defendants be required to respond to the discovery before the time set for the hearing on its Motion for Preliminary Injunction to enable Group One to prepare adequately for that hearing.

9.     Group One has no objection to Defendants taking expedited discovery prior to the preliminary injunction hearing.

10.    Federal Rule of Civil Procedure 26 gives the Court wide discretion to manage the discovery process. *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*, 194 F.R.D. 618, 623 (N.D. Ill. 2000). "Expedited discovery is particularly appropriate when a plaintiff seeks injunctive relief because of the expedited nature of injunctive proceedings." *Ellsworth Assoc., Inc. v. United States*, 917 F. Supp. 841, 844 (D.D.C. 1996) (*citing Optic-Electronic Corp. v. United States*, 663 F. Supp. 269, 271 (D.D.C. 1987)). Furthermore, expedited discovery has been ordered where it would

"better enable the court to judge the parties' interests and respective chances for success on the merits" at a preliminary injunction hearing. *Philadelphia Newspapers, Inc. v. Gannett Satellite Information Network, Inc.*, 98-CV-2782, 1998 WL 404820, *2 (E.D. Pa. 1998) (citations omitted). Courts have held that in order to determine whether expedited discovery should be granted "it makes sense to examine the discovery request...on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances." *See Merrill Lynch,* 194 F.R.D. at 623.

11.　　Group One's request for expedited discovery is reasonable under the circumstances. Group One merely seeks to engage in limited discovery in advance of the hearing date set by this Court on its Motion for Preliminary Injunction. The written and oral discovery will be limited to issues directly related to the Motion for Preliminary Injunction.

WHEREFORE, Plaintiff Group One Trading LP, prays for an Order granting it (and Defendants, to the extent they so desire) leave to conduct discovery immediately in preparation for the hearing on the Motion for Preliminary Injunction, and for such other relief as this Court deems appropriate.

Dated this 7th day of December, 2007.

> Respectfully submitted,
>
> Group One Trading LP, Plaintiff
>
> By:　/s/Daniel A. Kaufman
> 　　　One Of Its Attorneys

MICHAEL BEST & FRIEDRICH LLP
Daniel A. Kaufman
Laura Shroyer Liss
180 North Stetson Avenue
Chicago, Illinois 60601
Phone: 312-222-0800
Fax: 312-222-0818

## CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2007, I electronically filed the foregoing *Plaintiff Group One's Motion for Expedited Discovery* with the Clerk of the Court using the CM/ECF system which will messenger such filing to the following:

> John D. Ruark
> Lawrence, Kamin, Saunders & Uhlenhop LLC
> 300 South Wacker Drive
> Suite 500
> Chicago, IL 60606

Dated: December 7, 2007                /s/ Daniel A. Kaufman
                                       Attorney for Defendants
                                       Daniel A. Kaufman
                                       Michael Best & Friedrich LLP
                                       180 North Stetson Avenue, Suite 2000
                                       Chicago, Illinois 60601
                                       Phone: (312) 222-0800
                                       E-mail: dakaufman@michaelbest.com