## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| Group One Trading LP | |
| Plaintiff, | |
| | No. 07 C 6881 |
| v. | |
| | Judge Virginia Kendall |
| Lauren DeLuca, Lawrence Spieldenner, John Superson and Stanton Todd, | |
| | Magistrate Judge Cox |
| Defendants. | |

## GROUP ONE'S MOTION FOR ENTRY OF A
## PROTECTIVE ORDER

Plaintiff Group One Trading LP ("Group One"), by and through its attorneys, moves this Court, pursuant to Fed. R. Civ. P. 26(c), for entry of the attached Protective Order. In support of this motion, Group One states as follows:

1.    On December 6, 2007, Group One filed this action for federal copyright infringement under 17 U.S.C. §§ 501 et seq., trade secret theft, computer tampering, breach of contract and conversion. This dispute stems from the unauthorized taking, infringement, and misappropriation of Group One's copyrighted works, trade secrets, and confidential and proprietary information by four former employees, prior to and upon their resignations from their employment with Group One. Defendants also solicited Group One employees and engaged in competitive activities in violation of their Employment Agreements with Group One.

2.    Also on December 6, 2007, Group One filed an Emergency Motion for a Temporary Restraining Order and Preliminary and Permanent Injunction and a brief in support thereof.

3.     Group One hired an expert, Andrew Crain, to conduct a forensic analysis of computers that formerly were used by Defendants while they worked for Group One. The expert determined that Defendants systematically emailed Group One's copyrighted works, trade secrets, and confidential and proprietary information to personal email accounts. The information misappropriated can be categorized as follows: (a) copyrighted trading scripts; (b) confidential trading tools and formulas; (c) proprietary best practices information; (d) copyrighted and confidential operations documents; (e) vendor and contact information; and (f) industry and regulatory research.

4.     Group One's forensic expert prepared a declaration which describes his analysis of the computers and attaches various copyrighted works, trade secrets, and confidential and proprietary information and emails retrieved from those computers.

5.     While Group One referenced Andrew Crain's declaration and the attached exhibits in its Brief in Support of its Emergency Motion for Temporary Restraining Order and Preliminary and Permanent Injunction, Group One did not submit those materials to the Court pending the filing of this Motion for Protective Order. Group One will submit a copy of the declaration and supporting exhibits to chambers, along with a courtesy copy of this Motion, for an *in camera* inspection. Each page of the declaration and supporting exhibits has been stamped "Confidential – Subject to Pending Protective Order."

6.     Group One also prepared a second declaration, of John Gilmartin, in support of its Emergency Motion for Temporary Restraining Order and Preliminary and Permanent Injunction. Although the Gilmartin Declaration itself does not contain sensitive information, two of the Exhibits to that declaration also require protection. Exhibit A to the Gilmartin Declaration is Group One's Amended and Restated Operating Agreement. The Operating Agreement contains

confidential information including, but not limited to, information regarding Group One's structure, management and control, and allocations of profits, losses, income and distributions. Exhibit N to the Gilmartin Declaration is an email to Group One's employees reminding them of the confidential nature of certain of Group One's information and materials. On the second page of that email, there is a list of "Things to avoid," which includes a list of phrases that might give insight into how Group One trades. Rather than require that document to be filed under seal, Group One has redacted those phrases from the exhibit. An unredacted copy of the exhibit will be provided to the Court for an *in camera* inspection upon request.

7.    While Group One referenced John Gilmartin's declaration and the attached exhibits in its Brief in Support of its Emergency Motion for Temporary Restraining Order and Preliminary and Permanent Injunction, Group One did not submit those materials to the Court pending the filing of this Motion for Protective Order. Group One will submit a copy of the declaration and supporting exhibits to chambers, along with a courtesy copy of this Motion, for an *in camera* inspection. Each page of Exhibit 1 to that the declaration has been stamped "Confidential – Subject to Pending Protective Order" and Exhibit N has been redacted as described above.

8.    Group One has drafted a proposed Protective Order, a copy of which is attached to this motion as "Exhibit 1." The scope of the Protective Order is limited to confidential information, including, but not limited to, any technique, software, process, formula, computer program, innovation, discovery, business strategy and plan, unpublished financial data, broker list, and contract of Group One that is a copyrighted work, trade secret, or contains confidential or proprietary information not accessible to the general public. *See* Exhibit 1, Paragraph 2.

9.    The Protective Order sets forth certain procedures to preserve the confidentiality of Group One's copyrighted works, trade secrets, and confidential and proprietary information that may be subject to discovery in this action, while taking care to limit the necessity to file documents with the Court under seal.

10.    These protections will permit all parties to fully prepare their cases in this action without jeopardizing the parties' rights of confidentiality. Accordingly, for good cause shown and pursuant to Fed. R. Civ. P. 26(c), Group One respectfully requests that this Protective Order be entered. *See Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 860-61 (7th Cir. 1994).

11.    Group One conferred with counsel for Defendants to request their agreement to treat the aforementioned materials as confidential pending the Court's ruling on this Motion. Should Defendants' counsel so agree, Group One promptly will provide counsel with the Crain and Gilmartin declarations, as well as the supporting exhibits.

WHEREFORE, for the reasons above stated, Plaintiff, Group One Trading LP, respectfully requests that this Court enter the attached Protective Order.

Dated:  December 7, 2007

Respectfully submitted,

Group One Trading LP,
Plaintiff


By:    /s/ Daniel A. Kaufman
      One Of Its Attorneys


Daniel A. Kaufman
Laura Shroyer Liss
Michael Best & Friedrich LLP
Two Prudential Plaza
180 N. Stetson Ave., Suite 2000
Chicago, Illinois 60601
Telephone: (312) 222-0800
Facsimile:  (312) 222-0818
dakaufman@michaelbest.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2007, I electronically filed the foregoing *Plaintiff Group One's Motion for Entry of a Protective Order* with the Clerk of the Court using the CM/ECF system which will messenger such filing to the following:

John D. Ruark
Lawrence, Kamin, Saunders & Uhlenhop LLC
300 South Wacker Drive
Suite 500
Chicago, IL  60606

Dated: December 7, 2007

/s/ Daniel A. Kaufman
Attorney for Defendants
Daniel A. Kaufman
Michael Best & Friedrich LLP
180 North Stetson Avenue, Suite 2000
Chicago, Illinois 60601
Phone: (312) 222-0800
E-mail: dakaufman@michaelbest.com