# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Group One Trading LP<br><br>　　　　Plaintiff,<br><br>v.<br><br>Lauren DeLuca, Lawrence Spieldenner,<br>John Superson and Stanton Todd,<br><br>　　　　Defendants. | No.  07 C 6881<br><br>Judge Virginia Kendall<br><br>Magistrate Judge Cox |

### **PROTECTIVE ORDER**

Pursuant to Federal Rule of Civil Procedure 26(c), and in the interest of protecting information of both Plaintiff Group One Trading LP ("Group One") and Defendants, Lauren DeLuca, Lawrence Spieldenner, John Superson and Stanton Todd ("Defendant"), from improper disclosure, the undersigned hereby stipulates, subject to approval and entry by the Court, to the following Protective Order ("Protective Order"):

### **DEFINITIONS**

Designating Party:  A party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

Protected Material:  Any disclosure or discovery material that is designated as "CONFIDENTIAL."

Party:  Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

Disclosure or Discovery Material:  All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts,

documents, or tangible things) that are produced or generated in disclosure or responses to discovery in this matter.

Document(s): The words "document" and "documents" are used in the broadest possible sense and refer, without limitation, to all written, printed, typed, photostatic, photographed, recorded, or otherwise reproduced communications or representations of every kind and description, whether comprised of letters, words, numbers, pictures, sounds, or symbols, or any combination thereof, whether prepared by hand or by mechanical, electronic, magnetic, photographic, or other means, as well as audit or video recordings of communications, oral statements, conversations, or events. This definition includes, but is not limited to, any and all of the following: day-timers, journals, logs, calendars, handwritten notes, correspondence, notes, minutes, records, messages, memoranda, telephone memoranda, diaries, contracts, agreements, invoices, orders, acknowledgements, receipts, bills, statements, appraisals, reports, forecasts, compilations, schedules, studies, summaries, analyses, pamphlets, brochures, advertisements, newspaper clippings, tables, tabulations, financial statements, working papers, tallies, maps, drawings, diagrams, sketches, x-rays, charts, labels, packaging, plans, photographs, pictures, film, microfilm, microfiche, computer-stored or computer-readable data, computer programs, computer printouts, telegrams, telexes, telefacsimiles, tapes, transcripts, recordings, and all other sources or format from which data, information, or communications can be obtained. Any preliminary versions, drafts, or revisions of any of the foregoing, any document which has or contains any attachment, enclosure, comment, notation, addition, insertion, or marking of any kind which is not a part of another document, or any document which does not contain a comment, notation, addition, insertion, or marking of any kind which is part of another document, is to be considered a separate document.

1. Materials produced in support of Group One's Emergency Motion for Temporary Restraining Order and Preliminary and Permanent Injunction, as well as disclosure and pre-trial discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, Group One hereby petitions the Court to enter the following Protective Order governing pre-trial motions and discovery. Group One acknowledges that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items identified herein and/or that are entitled under the applicable legal principles to treatment as confidential. Group One further acknowledges that this Protective Order creates no entitlement to file confidential information under seal; Local General Rule 5.8 for the Northern District of Illinois sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

2. Any document or other item produced for inspection and/or made available for copying in this matter that contains or consists of confidential information, including, but not limited to, any technique, software, process, formula, computer program, innovation, discovery, business strategy and plan, unpublished financial data, broker list, and contract of Group One that is a copyrighted work, trade secret, or contains confidential or proprietary information not accessible to the general public shall be designated "CONFIDENTIAL".

3. With regard to documents and answers to interrogatories, such designation shall be made at the time that such answers are served upon the requesting Party or at the time the copies of documents are delivered to the requesting Party or at the time documents are made

available for the requesting Party's inspection. With regard to electronic data or information, the notation "CONFIDENTIAL" shall be plainly marked on a label affixed to the disk, tape, or other medium on which the information is stored. Deposition testimony and exhibits may be designated as confidential by identification on the record during any deposition or other proceeding. All copies of deposition transcripts that contain confidential information shall be prominently marked "CONFIDENTIAL."

4. All financial and personnel records and their contents shall be deemed Protected Material, even in the absence of a "CONFIDENTIAL" stamp. Except as noted herein, all other materials designated as confidential shall be so marked by the Party wishing the materials to be designated Protected Material.

5. Each person to whom Protected Material, or data or information obtained, derived or generated from Protected Material, is disclosed or made available, including experts or consultants retained by the Parties, shall first be advised of the existence and the contents of this Protective Order, shall agree to be bound by its terms and conditions, and shall sign a "Statement of Confidentiality" in the form attached as Exhibit A agreeing to be bound by this Order. No such person shall divulge any Protected Material, or any data or information obtained, derived or generated from Protected Material, to any other person, except as provided herein.

6. Materials which have been designated as CONFIDENTIAL pursuant to the procedure set forth herein, shall be used by the party in this case to whom produced (Group One or Defendants) and its or their attorneys solely for purposes of this litigation and for no other purpose. "CONFIDENTIAL" documents produced in this litigation, including all notes and other information obtained from CONFIDENTIAL documents, shall not, under any circumstances, be used or disclosed in any other lawsuit filed by Defendants or anyone else.

7.  Protected Material, or data and information obtained, derived or generated from Protected Material, shall be disclosed only to:

- The Court and Court personnel;
- The Parties' attorneys of record in this action and persons employed in the attorney's offices;
- Defendants (and only with respect to this litigation);
- Plaintiff (and only with respect to this litigation);
- Independent experts and consultants retained by the Parties for the purpose of assisting in the preparation and trial of this action; and
- Witnesses or potential witnesses with whom the Parties' attorneys deem it necessary to discuss such material in the course of the parties' discovery and/or preparation for trial of this action.

8.  Protected Material or data and information obtained, derived or generated from Protected Material, shall not be used for any purpose other than pre-trial proceedings, preparation for trial, at trial, and post-trial litigation in connection with the above-captioned action.

9.  Protected Material must be stored and/or maintained in a secure location that ensures that access is limited to the persons authorized under this Order.

10. Protected Material may not be filed in Court, whether separately or as part of pleadings, except under seal, unless the parties agree otherwise in writing or to a court order secured after appropriate notice to all interested persons. Entire Pleadings may not be filed under seal. If Protected Material is submitted as an exhibit to a pleading or brief, or otherwise incorporated therein, a copy of the pleading or brief with the Protected Material redacted shall be

5

filed with the Clerk of the Court, and the original pleading or brief without redaction shall be filed under seal consistent with Local Rule 5.8 for the Northern District of Illinois.

11. The Parties will act in good faith in designating material for protection under this Order. The parties will take care to limit any such designation for protection to specific material that qualifies under the applicable standards. The above restrictions concerning disclosure shall not apply to documents and to other information that has been made available to the public.

12. Nothing contained in this Protective Order shall be construed as a waiver of the right to object to the subject matter of any request made in this action. This Protective Order shall not be construed as an agreement to produce any Disclosure or Discovery Material and shall not constitute an admission that any Disclosure or Discovery Material is relevant or acts as a waiver of privilege. The inadvertent or unintentional disclosure of any confidential information by a party shall not be construed to be a waiver, in whole or in part, of that party's claim of confidentiality either as to the specific confidential information disclosed or as to any other related information. If material is appropriately designated as "Confidential" after the material was initially produced, but within a reasonable time thereafter, the parties must make reasonable efforts to assure that the material is treated as Protected Material in accordance with the provisions of this Order. If a party produces multiple identical copies of a document (but with different bates numbers) and one has not been designated as confidential, all identical copies shall be treated according to the most restrictive designation.

Similarly, the inadvertent or unintentional disclosure of any Disclosure or Discovery Material protected by the attorney-client privilege and/or work product doctrine shall not be construed to be a waiver, in whole or in part, of that party's claim to privilege; nor shall any discreet waiver of privilege constitute a general waiver of privilege or protection. Any such

documents or information inadvertently produced and all copies and records thereof shall be immediately returned to the producing or providing party.

13. Any dispute arising under this Protective Order shall be submitted to the Court for resolution, following all procedures set forth in Local General Rule 37.2 for the Northern District of Illinois. If any Party or member of the general public disagrees with the designation of any Disclosure or Discovery Material as confidential Protected Material, the material so designated shall nonetheless be deemed to be Protected Material as confidential Protected Material, and the Party or member of the general public disputing the designation of any material as Protected Material shall be required to challenge such designation. The motion may be made at any time before the close of discovery, or within ten (10) days of the receipt of the Protected Material, whichever last occurs.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all parties shall continue to treat the Disclosure and Discovery Material in question as Protected Material.

14. Within thirty (30) days after the final termination of this action, whether by settlement, judgment, or decision on appeal, all Protected Material and copies of Protected Material shall be returned to the Party designating the materials as confidential, together with all documents containing information or information derived from or set forth in such Protected Material. In the alternative, each Party may provide counsel for the designating Party with a certification of counsel that the Protected Materials, copies of Protected Materials, and all documents containing information, or information derived from or set forth in such Protected Material, have been destroyed.

15.  If Protected Material has been submitted to the Court, at the conclusion of the case, said material shall be disposed of consistent with Local Rule 26.2(g) of the Northern District of Illinois.

16.  If any Protected Material, information or data obtained, derived or generated therefrom is sought through discovery from either Party by any other litigant in any other judicial or administrative proceeding, each party agrees that he will immediately notify the designating Party in writing so as to permit that Party to seek a protective order from the appropriate court.

17.  If a Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Party must immediately (a) notify in writing the designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person to agree to be bound by its terms and conditions.

18.  The provisions of this Protective Order shall apply from the date this Protective Order is signed to any and all documents produced in this action and to any and all information produced or disclosed, whether produced or disclosed before or after the execution of this Protective Order.  This Protective Order shall survive the final termination of this case, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.

19.  Documents designated as CONFIDENTIAL may be used by any party without limitation at trial as long as the use and/or admissibility complies with the Federal Rules of Evidence, Federal Rules of Civil Procedure, Local Rules, and/or any other applicable rules and/or laws.  However, any party who wishes to have such documents treated as

8

CONFIDENTIAL during trial may renew their request for confidentiality before the trial judge at the status conference and/or through a motion in limine. In making its determination of CONFIDENTIAL, the Parties request the court to show deference to the designating party, and to strive to protect the confidentiality of such information at trial.


**Plaintiff, Group One Trading LLP**


s/ Daniel A. Kaufman
Daniel A. Kaufman
Laura Shroyer Liss
Michael Best & Friedrich LLP
Two Prudential Plaza
180 N. Stetson Ave., Suite 2000
Chicago, Illinois 60601



SO ORDERED THIS _____ DAY OF _____, 2007.


_____
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Group One Trading LP<br><br>    Plaintiff,<br><br>v.<br><br>Lauren DeLuca, Lawrence Spieldenner,<br>John Superson and Stanton Todd,<br><br>    Defendants. | No.  07 C 6881<br><br>Judge Virginia Kendall<br><br>Magistrate Judge Cox |

## STATEMENT OF CONFIDENTIALITY

By signing this document, I hereby certify that I have read the Order entered by the Court in <u>Group One Trading LP v. Lauren DeLuca, et al.</u>, No. 07 C 6881, pending in the United States District Court for the Northern District of Illinois, Eastern Division.  I understand that Order and agree to abide by its terms, by not disclosing information designated CONFIDENTIAL to anyone, except as required by lawful judicial process and except as permitted by that Order.  I consent to the jurisdiction of, and venue in, the Northern District of Illinois, Eastern Division, in connection with any breach, or alleged breach, by me of any of the terms of that Order.

_____
Name

_____
Date