IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GROUP ONE TRADING LP, ) | |
| ) | |
| Plaintiff, ) | No. 07 CV 6881 |
| ) | |
| v. ) | |
| ) | |
| LAUREN DELUCA, LAWRENCE ) | Honorable Virginia M. Kendall |
| SPIELDENNER, JOHN SUPERSON, and ) | |
| STANTON TODD, ) | Magistrate Judge Susan E. Cox |
| ) | |
| Defendants. ) | |

FILED
DEC - 7 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## MOTION TO DISMISS AND COMPEL ARBITRATION

Defendants LAUREN DELUCA ("DeLuca"), LAWRENCE SPIELDENNER ("Spieldenner"), JOHN SUPERSON ("Superson"), and STANTON TODD ("Todd") (collectively "Defendants"), by their undersigned counsel, hereby move pursuant to the Federal Arbitration Act (9 U.S.C. Sec. I et seq. (1992), to dismiss this case filed by Defendants' former employer, GROUP ONE TRADING LP ("Group One" or "Plaintiff") and direct this matter to arbitration before the Chicago Board Options Exchange ("CBOE"), pursuant to Group One's membership with CBOE, and in support thereof, state as follows:

1. To the extent Plaintiff asserts claims against Defendants, this motion constitutes a demand for arbitration under the Rules of the CBOE.

2. This motion is brought seeking dismissal of this case because the required and proper venue for settling this dispute is arbitration before the CBOE. After Defendants left their positions as traders with Group One, Group One filed an unverified Complaint and motion for temporary restraining order with the United States District Court for the Northern District of Illinois. However, because Group One is a firm member of the CBOE, it has previously agreed to pursue this claim through arbitration at CBOE.

## GROUP ONE HAS AGREED TO ARBITRATION BEFORE THE CBOE

3. Group One is a broker-dealer, options trading firm and a member of CBOE. (Complaint at ¶3). As such, they have submitted to the rules governing members of the CBOE.

4. CBOE Rule 18.1(a) states in its entirety:

> **Rule 18.1. Matters Subject to Arbitration**
>
> (a) Any dispute, claim or controversy, arising between parties who are members or persons associated with a member which arises out of the Exchange business of such parties shall, at the request of any such party and the approval of the Exchange's Director of Arbitration, be submitted for arbitration in accordance with these rules.

CBOE Rule 18.1(a), attached hereto as Exhibit A.

5. The CBOE's Interpretation and Policies .01 includes former persons associated with a member. Exhibit A at 1 of 2. Further, the only types of disputes that are excluded from arbitration under the CBOE rules are claims for employment discrimination or sexual harassment. *Id.*

7. In obtaining CBOE membership, Group One has obligated itself to adhere to CBOE's Rules, including those requiring arbitration of disputes. See Rule 4.1 and Rule 4.2 (requiring adherence to CBOE rules and prohibiting acts inconsitent with just and equitable principles of trade), copies of which are attached hereto as Exhibit B.

8. Indeed, the CBOE policies regarding arbitration specifically admonish member firms as follows:

> .02 It may be deemed conduct inconsistent with just and equitable principles of trade for a member or a person associated with a member to fail to submit a dispute for arbitration on demand under the provisions of this Chapter....

*Id.*

2

9. Jurisdiction to arbitrate a dispute is derived solely from the parties' agreement to arbitrate. *Fried Trading Co. v. Austern*, 1989 U.S. Dist. LEXIS 5896 at *4 (N.D. Ill. 1989). An agreement to arbitrate may be express or implied from the conduct of the parties. *Id.*

10. Both the Federal Arbitration Act and the Illinois Courts favor arbitration as a method of settling disputes. Id.

11. In becoming a member of the CBOE, Group One intended to be bound by the CBOE's arbitration procedure for all disputes with Defendants. *Fies v. Rialcor-Shatkin Sec. Corp.*, 1987 U.S. Dist. LEXIS 1514 at *7 (N.D. Ill. 1987)(citing *Muh v. Newburger, Loeb & Co., Inc.*, 540 F2d 970, 973 (9th Cir. 1976), which recognized that the since rules of a stock exchange constitute a contract between its members, exchange provisions which require arbitration constitute a binding agreement to arbitrate.)

12. Group One's attempts to nullify or supersede these obligations by bringing the instant action are in violation of Group One's CBOE membership. The CBOE Rules are broad in scope and jurisdiction and definitely covers the matter of the dispute between Group One and Defendants.

13. Accordingly this Court should compel arbitration before the CBOE.

## CONCLUSION

For the forgoing reasons, Defendants respectfully requests that this Court enter an order dismissing this matter and compelling arbitration before the CBOE pursuant that exchange's rules and for any other relief the Court deems just.

Dated: December 7, 2007

Respectfully submitted,

LAUREN DELUCA, LAWRENCE SPIELDENNER, JOHN SUPERSON, and STANTON TODD

By: _____
One of their attorneys

John D. Ruark (ARDC #6209905)
Charles J. Risch (ARDC #06183465)
John S. Monical (ARDC #06225668)
Mitchell Goldberg (ARDC #06269823)
Lawrence, Kamin, Saunders
  & Uhlenhop, L.L.C.
300 South Wacker Drive
Suite 500
Chicago, IL 60604
(312) 372-1947

**A**

### Rule 18.1. Matters Subject to Arbitration

(a) Any dispute, claim or controversy, arising between parties who are members or persons associated with a member which arises out of the Exchange business of such parties shall, at the request of any such party and the approval of the Exchange's Director of Arbitration, be submitted for arbitration in accordance with these rules.

(b) Any dispute, claim or controversy, arising between a non-member and a member or persons associated with a member which arises out of the Exchange business of such member or a person associated with a member shall, at the request of such non-member and the approval of the Exchange's Director of Arbitration, be submitted for arbitration in accordance with these rules.

(c) If a party to a dispute, in an Answer, Reply, or other written response to a request for arbitration, has challenged the appropriateness of submitting a matter to arbitration under this Chapter, the Director of Arbitration shall serve upon the parties written notice of his decision to accept or reject the matter for arbitration. The decision by the Director of Arbitration to accept or reject a matter for arbitration shall, at the request of any party to the dispute, be subject to review by the Board of Directors or a panel of the Board composed of at least three Directors. Requests for review must be submitted in writing to the Secretary of the Exchange within ten calendar days from receipt of notice of the Director of Arbitration's decision.

(d) The arbitration provisions of this Chapter shall not constitute a prospective waiver of any right of action that may arise under the federal securities laws.

Amended June 1, 1975; February 2, 1977 (76-23); June 22, 1978 (78-11); February 25, 1980 (80-02).

... *Interpretations and Policies:*

.01 For purposes of this Chapter, the terms member and a person associated with a member shall be deemed to encompass those persons who were former Exchange members or persons associated with a member.

Issued February 2, 1977 (76-23); amended February 25, 1980 (80-02).

.02 It may be deemed conduct inconsistent with just and equitable principles of trade for a member or a person associated with a member to fail to submit a dispute for arbitration on demand under the provisions of this Chapter, or to fail to provide any document in his possession or control as directed pursuant to the provisions of this Chapter or to fail to honor an award of arbitrators properly rendered pursuant to the provisions of this Chapter where a timely motion has not been made to vacate or modify such award pursuant to applicable law.

Issued February 2, 1977 (76-23); amended February 25, 1980 (80-02).

.03 (a) For the purposes of Rule 18.1(a), the term "Exchange business" does not include a dispute, claim or controversy alleging employment discrimination, including sexual harassment.

(b) Notwithstanding the policy set forth in paragraph (a), the Exchange may make its arbitration facilities available for the resolution of employment discrimination, including sexual harassment, claims if the parties mutually agree to arbitrate the claim after the claim has arisen. Any determination pursuant to this paragraph will be made by the Director of Arbitration.

Adopted January 11, 1999 (99-01).

Copyright © 1995 - 2007 Chicago Board Options Exchange, Incorporated. All rights reserved.

B

## CHAPTER IV Business Conduct (Rules 4.1-4.23)

### Rule 4.1. Just and Equitable Principles of Trade

No member shall engage in acts or practices inconsistent with just and equitable principles of trade. Persons associated with members shall have the same duties and obligations as members under the Rules of this Chapter.

Amended April 17, 1978.

### Rule 4.2. Adherence to Law

No member shall engage in conduct in violation of the Securities Exchange Act of 1934, as amended, rules or regulations thereunder, the Constitution or the Rules of the Exchange, or the Rules of the Clearing Corporation insofar as they relate to the reporting or clearance of any Exchange transaction, or any written interpretation thereof. Every member shall so supervise persons associated with the member as to assure compliance therewith.

Amended April 17, 1978.