CH

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

# F I L E D

| | | |
|---|---|---|
| GROUP ONE TRADING, LP, | ) | |
| | ) | DEC - 7 2007 *ou* |
| Plaintiff, | ) | |
| | ) | MICHAEL W. DOBBINS |
| v. | ) | CLERK, U.S. DISTRICT COURT |
| | ) | |
| LAUREN DELUCA, LAWRENCE, | ) | |
| SPIELDENNER, JOHN SUPERSON | ) | No. 07 CV 6881 |
| AND STANTON TODD, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## AFFIDAVIT OF JOHN D. RUARK

1.  I am an attorney and a member of the law firm of Lawrence Kamin Saunders &
Uhlenhop, L.L.C. I am licensed to practice law in the State of Illinois and my registration
number with the Attorney Registration and Disciplinary Committee of the Supreme Court of
Illinois is 6209905. My legal practice focuses on regulatory and transactional matters related to
securities and commodity futures. I have personal knowledge of the facts set forth herein and
would testify competently to them if asked to do so at trial.

2.  On the morning of November 21, 2007, I was retained by defendants DeLuca,
Spieldenner and Superson to respond to identical letters from Michael Weil of the law firm of
Orrick, Herrington & Sutcliffe, which my clients had found taped to the front door of each of
their residences. I was retained by defendant Todd to respond to a similar letter on or about
November 23, 2007. Mr. Weil's letter demanded a response by 12:00 p.m. PST on Monday,
November 26, 2007. An exemplar of the letters provided to me by my clients is attached as
Exhibit 1.

3.  I spoke with Mr. Weil during the afternoon of Wednesday, November 21, 2007.
During such conversation, Mr. Weil agreed to extend the time to respond until 12:00 pm PST on

Tuesday, November 27, 2007. I confirmed my understanding of the call through an email to Mr. Weil sent late in the day on November 21, 2007. A true and correct copy of the email I sent to Mr. Weil is attached as Exhibit 2.

4.      Mr. Weil responded to my email after the close of business on Wednesday, November 21, 2007. I, in turn, sent another email to Mr. Weil at approximately 4:07 p.m. on Friday, November 23, 2007. A true and correct copy of these emails is attached as Exhibit 3.

5.      On Tuesday, November 27, 2007, I responded by letter to Mr. Weil's November 20, 2007 letter on behalf of my clients. I emailed a copy of such letter to Mr. Weil at approximately 2:00 p.m. CST and forwarded a paper copy by overnight mail. Additionally, in the same overnight mail, I returned from my clients a boxful of documents that might come within the description of the materials that the letter requested be returned. A true and correct copy of the letter I sent to Mr. Weil (without the supplemental documents) is attached as Exhibit 4.

6.      Because Mr. Weil did not respond, I initiated a telephone call to Mr. Weil on the afternoon of Friday, November 30, 2007, to confirm that he had received the overnight mail. Mr. Weil confirmed that he had received the materials, but that he believed my clients' response to be deficient. However, he would not identify what additional material he believed my clients had and should return. Instead, he said that I could anticipate receiving a letter soon.

7.      Sometime after 5:00 p.m. CST on Friday November 30, 2007, I received a letter from Mr. Weil by fax and email. A true and correct copy of Mr. Weil's letter is attached as Exhibit 5.

8.      On Tuesday, December 4, 2007, I responded by letter to Mr. Weil's November 30, 2007 letter on behalf of my clients. I emailed a copy of such letter to Mr. Weil at

approximately 12:51 p.m. CST and forwarded a paper copy by overnight mail. A true and correct of my letter is attached as Exhibit 6.

9.      On Thursday, December 6, 2007, at approximately 5:25 p.m., I received a hand-delivered envelope from the law firm of Michael Best & Friedrich LLP. In such package and addressed to me was a Notice of Motion with respect to Plaintiff Group One's Emergency Motion For a Temporary Restraining Order and Preliminary and Permanent Injunction Against Defendants Lauren DeLuca, Lawrence Spieldenner, John Superson and Stanton Todd. Such Notice of Motion did not indicate the date or time that such Motion would be heard. A copy of the Notice of Motion is attached as Exhibit 7.

10.     In the same envelope from Michael Best & Friedrich was a copy of the Group One's Brief in Support of Its Motion for a Temporary Restraining Order and Preliminary and Permanent Injunction. Such Brief references a Declaration of John Gilmartin as Exhibit A and a Declaration of Andrew Crain as Exhibit B. No such Declarations were included in the envelope.

FURTHER AFFIANT SAYETH NAUGHT.

DATED: December 6, 2007

_____
John D. Ruark

SUBSCRIBED AND SWORN TO before me
this 7th day of December, 2007.

_____
Notary Public

OFFICIAL SEAL
DIANE M RICCI-MAXWELL
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:03/18/11

1



**ORRICK**

November 20, 2007

Michael D. Weil
(415) 773-5794
mweil@orrick.com

**VIA HAND DELIVERY**

Mr. Stanton Todd
1349 N. Oakley Blvd.
Chicago, IL 60622

Re:    Group One Trading LP

Dear Mr. Todd:

This firm represents Group One Trading LP ("Group One"). Group One is deeply concerned about certain of your activities before and after you left Group One. In particular, Group One is concerned that you have copied, taken, or otherwise failed to return Group One's confidential and copyrighted information; trade secrets and other confidential and proprietary information in violation of your legal obligations to Group One, and, further, that you intend to use Group One's confidential information for a competing business.

While Group One would prefer to resolve this matter short of litigation, it will do whatever is necessary to protect its valuable intellectual property. As described below, Group One demands that you respond to each of the specific requests set forth below no later than 12:00 p.m. Pacific Standard Time on Monday, November 26, 2007. Group One further demands that you immediately cease and desist from (a) using or disclosing Group One's materials or confidential information without authorization and (b) soliciting Group One's employees in violation of your contractual obligations to Group One.

During your time as an employee and member of Group One, you obtained and learned a great deal of confidential information about Group One's business and confidential copyrighted information, such as its confidential training manual; trading scripts; Kitchen Sink documentation; risk management materials; best practices documentation; trader information; business partner relationships and agreements; research, designs and technology; marketing strategies, initiatives and plans; pricing strategies and plans; and employees. This information was and is extremely valuable to Group One. Through your agreements with Group One (including, but not limited to, the firm's Operating Agreement and your Employment Agreement) and your obligations under the Uniform Trade Secrets Act and Illinois law, you are prohibited from using, retaining, or disclosing that information



**ORRICK**

Stanton Todd
November 20, 2007
Page 2

in any form. You were also obligated by your agreements not to engage, during the term of your employment with Group One, in a related business activity for any company other than Group One. You were obligated to return to Group One – and not to maintain possession of – any company property or confidential information. You remain obligated for two years following the termination of your employment with Group One not to solicit, induce, recruit or encourage any Group One employee to leave Group One or join any other company.

Notwithstanding these obligations, Group One believes that you began performing work for another entity while you were still employed by Group One and that, without authorization, you may have taken, used and still possess Group One information and materials that were developed at Group One. Any such information and materials – whether in tangible or electronic form – must be returned to Group One immediately. <u>Such information and materials must <i>not</i> be deleted or discarded by you.</u>

In order to assure Group One that its intellectual property and contractual rights are being respected, Group One demands that you provide the following information and/or assurances:

1.  A complete listing of all Group One materials, whether in tangible or electronic format, that were or are in your possession or control after you left Group One and the physical location of any such information (e.g., if you possess electronic information, then you must identify the particular computer or other electronic device where it resides or, if sent to an email account, you must identify the email address) so that Group One can have an independent forensic expert verify the information and take appropriate steps to expunge the information from the devices. I repeat, <u>such information and materials must <i>not</i> be deleted or discarded by you;</u>

2.  A complete listing of all current or former employees or members of Group One who have assisted or participated with you or anyone else not a current employee of Group One in taking information or materials from Group One;

3.  A complete listing of all current or former employees or members of Group One who you have solicited or recruited to terminate his or her employment or relationship with Group One;



**ORRICK**

Stanton Todd
November 20, 2007
Page 3

4. Written confirmation from you that you understand that Group One's Kitchen Sink documentation, training manual and trading scripts are proprietary and confidential information of Group One and that you have not and will not use, copy or disclose such information;

5. Written confirmation from you that any and all Group One materials and copies thereof in your possession or control, including but not limited to any information, trading scripts, research or materials obtained from Group One, or researched or developed by persons in the employ of Group One are being returned or forwarded to me (on behalf of Group One) with your response to this letter;

6. Written confirmation that you will not destroy any currently existing Group One materials, including but not limited to electronic files, and that you will cooperate fully with Group One both in its recovery of any electronic files containing Group One confidential information or copyrighted materials in your possession and in the permanent deletion, under the direct supervision of Group One, of such records from any storage media. With respect to this last point, this letter constitutes notice that litigation may be initiated against you in this matter and that any modification, deletion, or destruction of any files, electronic or otherwise, constitutes spoliation of evidence and that Group One will seek all appropriate sanctions against you if litigation occurs and any evidence has been spoliated by you or anyone acting at your direction; and

7. Written confirmation that you have not and will not for two years following the termination of your employment with Group One either solicit or encourage any Group One employees to leave their employment.

As this situation requires your immediate attention and cooperation, please respond to me by no later than 12:00 p.m. Pacific Standard Time on Monday, November 26, 2007 to address the specific issues raised in this letter. Without your complete cooperation and candor in addressing this matter, Group One will have no choice but to take immediate and appropriate legal action, including but not limited to pursuing claims for copyright infringement, misappropriation of trade secrets, breach of fiduciary duty, breach of duty of



**ORRICK**

Stanton Todd
November 20, 2007
Page 4

loyalty and to pursue both equitable and money damages.  I look forward to your prompt,
complete and candid responses.

Very truly yours,

Michael D. Weil

2

**John Ruark**

**From:**    John D. Ruark [jruark@lksu.com]
**Sent:**    Wednesday, November 21, 2007 5:54 PM
**To:**    'mwell@orrick.com'
**Subject:** Follow Up to Our Call

Michael,

This will follow up and confirm our telephone conversation today regarding your letter dated November 20, 2007 which you sent to my clients John Superson, Lauren DeLuca, Larry Spieldenner and others.   We discussed the deadline for response to your requests for information set out in the letter and agreed to extend the time to respond to Tuesday, November 27, 2007 at noon Pacific Time, with the understanding that our responses at that time may not yet be complete due to travel over the holiday weekend.  We would supplement such responses promptly thereafter.

As I indicated in our call, my clients have informed me that files that may have represented Group One confidential information were deleted prior to the receipt of your letter.   My clients are do not want to retain or use any confidential information of Group One.   Notwithstanding this, my clients wish to be cooperative and to make this separation as amicable as possible under the circumstances.   Accordingly, I do not anticipate that there would be an issue with providing reasonable access to Group One so that it can reassure itself.

Finally, as we discussed, my clients do expect that with, respect to deferred compensation and their holdings in Group One, appropriate payouts will be made in accordance with Group One's practices.

Thank you for your courtesy.  I look forward to working with you to resolve this matter.

Kind regards,

John Ruark

**LAWRENCE, KAMIN,
SAUNDERS & UHLENHOP** LLC

300 South Wacker Drive, Suite 500      312-372-1947 phone      www.LKSU.com
Chicago, Illinois 60606                        312-372-2389 fax
*John D. Ruark*
Direct Phone  (312) 580-7301
email:  jruark@LKSU.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message

Rules governing our practice before the Internal Revenue Service require that we advise you that any tax advice in this communication (and any attachments) (i) is intended only for the addressee and (ii) is not written with the intent that it be used, and in fact it cannot be used, to avoid penalties under the Internal Revenue Code or to promote, market or recommend to any other person any tax-related idea.

3

## John Ruark

**From:**    John D. Ruark [jruark@lksu.com]
**Sent:**    Friday, November 23, 2007 4:07 PM
**To:**    'Weil, Michael'
**Subject:** RE: Follow Up to Our Call

Michael,

Please be advised that our firm is also representing Stanton Todd and will include his response to your letter of November 20, 2007 pursuant to the same terms that you and I discussed on Wednesday.

I am curious about the statement in your email: "I believe that the evidence we have uncovered suggests otherwise." Could you provide some specifics? It is no secret that certain of my clients did send emails to themselves. However, as I told you on Wednesday, it is my understanding that those files with Group One proprietary information were deleted prior to receipt of your letter. My clients do not want to have or use Group One's proprietary information, so if you believe that there are other materials that Group One has rights to, I would greatly appreciate some guidance as to what you are talking about.

You will recall that you asserted in our call Wednesday that my clients have formed a limited liability company. As I told you then, my clients are not currently trading nor have they formed any entity to date to begin trading. It would be unfortunate if our clients worked themselves into a combative state regarding proprietary information based upon a similar misunderstanding.

John


John D. Ruark
Lawrence, Kamin, Saunders & Uhlenhop, L.L.C.
300 South Wacker Drive, Suite 500
Chicago, Illinois 60606
(312) 372-1947 (main)
(312) 580-7301 (direct)
(312) 372-2389 (fax)
JRuark@lksu.com

---

**From:** Weil, Michael [mailto:mweil@orrick.com]
**Sent:** Wednesday, November 21, 2007 7:01 PM
**To:** jruark@lksu.com
**Subject:** RE: Follow Up to Our Call

John,

Thank you for your call today.

To be clear, I understand from you that your clients may not be able to provide complete responses by the amended Tuesday at noon (Pacific Standard Time) deadline. However, I explained to you that it is very important that we receive candid and complete responses by then in order to amicably resolve this matter and avoid litigation.

You claim that your clients are not interested in Group One's information, do not plan to use it and do not want to retain it. I believe the evidence we have uncovered suggests otherwise. As I explained, if your clients want to resolve this amicably and without litigation, then they need to demonstrate their good faith through their actions, not just words from their lawyer. This means, for starters, that they provide timely, complete and candid responses to the categories of information requested in my letters.

I look forward to working with you to resolve this matter and hopefully avoid litigation between our clients. I hope you have a safe and happy Thanksgiving.

Michael


Michael D. Weil

$O$rrick, Herrington & Sutcliffe LLP
405 Howard Street
San Francisco, California 94105
Direct: (415) 773-5794
Fax: (415) 773-5759
Email: mweil@orrick.com


---

**From:** John D. Ruark [mailto:jruark@lksu.com]
**Sent:** Wednesday, November 21, 2007 3:54 PM
**To:** Weil, Michael
**Subject:** Follow Up to Our Call

Michael,

This will follow up and confirm our telephone conversation today regarding your letter dated November 20, 2007 which you sent to my clients John Superson, Lauren DeLuca, Larry Spieldenner and others. We discussed the deadline for response to your requests for information set out in the letter and agreed to extend the time to respond to Tuesday, November 27, 2007 at noon Pacific Time, with the understanding that our responses at that time may not yet be complete due to travel over the holiday weekend. We would supplement such responses promptly thereafter.

As I indicated in our call, my clients have informed me that files that may have represented Group One confidential information were deleted prior to the receipt of your letter. My clients are do not want to retain or use any confidential information of Group One. Notwithstanding this, my clients wish to be cooperative and to make this separation as amicable as possible under the circumstances. Accordingly, I do not anticipate that there would be an issue with providing reasonable access to Group One so that it can reassure itself.

Finally, as we discussed, my clients do expect that with, respect to deferred compensation and their holdings in Group One, appropriate payouts will be made in accordance with Group One's practices.

Thank you for your courtesy. I look forward to working with you to resolve this matter.

Kind regards,

John Ruark


## LAWRENCE, KAMIN, SAUNDERS & UHLENHOP LLC

300 South Wacker Drive, Suite 500      312-372-1947 phone      www.LKSU.com
Chicago, Illinois 60606                 312-372-2389 fax
*John D. Ruark*
Direct Phone  (312) 580-7301
email:  jruark@LKSU.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for


12/7/2007

delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message

Rules governing our practice before the Internal Revenue Service require that we advise you that any tax advice in this communication (and any attachments) (i) is intended only for the addressee and (ii) is not written with the intent that it be used, and in fact it cannot be used, to avoid penalties under the Internal Revenue Code or to promote, market or recommend to any other person any tax-related idea.

=================================================================

IRS Circular 230 disclosure:
To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication, unless expressly stated otherwise, was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.

=================================================================

NOTICE TO RECIPIENT: THIS E-MAIL IS MEANT FOR ONLY THE INTENDED RECIPIENT OF THE TRANSMISSION, AND MAY BE A COMMUNICATION PRIVILEGED BY LAW. IF YOU RECEIVED THIS E-MAIL IN ERROR, ANY REVIEW, USE, DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS E-MAIL IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY OF THE ERROR BY RETURN E-MAIL AND PLEASE DELETE THIS MESSAGE FROM YOUR SYSTEM. THANK YOU IN ADVANCE FOR YOUR COOPERATION.
For more information about Orrick, please visit http://www.orrick.com/

4

# LAWRENCE, KAMIN, SAUNDERS & UHLENHOP LLC

300 South Wacker Drive, Suite 500          312-372-1947 phone          www.LKSU.com
Chicago Illinois 60606                     312-372-2389 fax

November 27, 2007

**BY EMAIL & FEDERAL EXPRESS**

Mr. Michael D. Weil
Orrick, Herrington & Sutcliffe LLP
405 Howard Street
San Francisco, California 94105

Dear Mr. Weil:

On behalf of our clients John Superson, Lawrence Spieldenner, Lauren DeLuca, Stanton Todd and John Petrizzo, this letter will respond to your correspondence to each dated November 20, 2007 and which was hand-delivered by posting to each individual's door with masking tape.

Your letter initially demanded a response by 12:00 p.m. Pacific Standard Time on Monday November 26, 2007, but you and I agreed to extend the time to respond to 12:00 p.m. on Tuesday, November 27, 2007 with the understanding that our responses at that time may not yet be complete due to travel over the holiday weekend and that we would supplement such responses promptly thereafter. Please be advised that Mr. DeLuca was out of the country for most of the period beginning with the delivery of your letter and that Mr. Petrizzo remains abroad.

Your letter enumerated seven demands:

1.  **A complete listing of all Group One materials, whether in tangible or electronic format, that were or are in your possession or control after you left Group One and the physical location of any such information (*e.g.*, if you possess electronic information, then you must identify the particular computer or other electronic device where it resides or, if sent to an email account, you must identify the email address) so that Group One can have an independent forensic expert verify the information and take appropriate steps to expunge the information from the devices. I repeat, such information and materials must *not* be deleted or discarded by you;**

Please see the attached schedules. Please note that our clients desire to provide as complete a response as possible, so there are numerous documents which have a Group One origin but which are unlikely to be deemed to represent proprietary or confidential materials. Additionally, certain of our clients emailed certain materials with a Group One origin to themselves. Such emails were deleted prior to the receipt of your letter of November 20, 2007. To the best of the recollection of

Mr. Michael D. Weil
November 27, 2007
Page 2

such clients, these emailed materials are listed in the attached schedules.    Additional copies of such files may be on the Blackberry of one or more of our clients which have not been deleted, but will be once an arrangement to do so is reached.

2.    **A complete listing of all current or former employees or members of Group One who have assisted or participated with you or anyone else not a current employee of Group One in taking information or materials from Group One;**

None of our clients had any interest in "taking" information or material from Group One.  To the extent that any of our clients emailed materials with a Group One origin to themselves, there was no assistance or participation from others.  All other materials were distributed to or maintained by our clients in the ordinary course of their employment at Group One and were in the possession of our clients in accordance with established customs and practices.

3.    **A complete listing of all current or former employees or members of Group One who you have solicited or recruited to terminate his or her employment or relationship with Group One;**

None of our clients solicited or recruited any individual to terminate his or her employment or relationship with Group One.

4.    **Written confirmation from you that you understand that Group One's Kitchen Sink documentation, training manual and trading scripts are proprietary and confidential information of Group One and that you have not and will not use, copy or disclose such information;**

Each of our clients understands that the referenced materials are proprietary and confidential and will not use, copy or disclose such information.  Elsewhere in this letter, our clients have indicated which of any such materials that they had possession.

5.    **Written confirmation from you that any and all Group One materials and copies thereof in your possession or control, including but not limited to any information, trading script, research or materials obtained from Group One, or researched or developed by persons in the employ of Group One are being returned or forwarded to me (on behalf of Group One) with your response to this letter;**

Hard copies of documents with a Group One origin that may be proprietary or confidential are being forwarded to you via overnight mail.  Our law firm will retain a copy of such materials as a record, but we are willing to destroy such copies at an appropriate time.  Our clients will not have

Mr. Michael D. Weil
November 27, 2007
Page 3

access to such materials. At this time, we believe this to represent all relevant materials, subject to the fact that John Petrizzo is abroad and will not be able to search his records until he returns.

6.  **Written confirmation that you will not destroy any currently existing Group One materials, including but not limited to electronic files, and that you will cooperate fully with Group One both in its recovery of any electronic files containing Group One confidential information or copyrighted materials in your possession and in the permanent deletion, under the direct supervision of Group One, of such records from any storage media. With respect to this last point, this letter constitutes notice that litigation may be initiated against you in this matter and that any modification, deletion, or destruction of any files, electronic or otherwise, constitutes spoliation of evidence and that Group One will seek all appropriate sanctions against you if litigation occurs and any evidence has been spoliated by you or anyone acting at your direction; and**

Prior to receipt of your letters dated November 20, 2007, certain of our clients deleted electronic files that may have contained Group One confidential or copyrighted material. With the exception of John Superson, who may retain certain files on his Blackberry, any of our clients who had such electronic materials no longer retains such materials. Notwithstanding this, our clients intend to cooperate with Group One in establishing a reasonable process so that it may reassure itself that our clients do not have possession of Group One confidential or copyrighted material, or that any such material been appropriately deleted.

7.  **Written confirmation that you have not and will not for two years following the termination of your employment with Group One either solicit or encourage any Group One employees to leave their employment.**

Our clients intend to honor their obligations. However, in the employment agreements which I have seen, any non-solicitation period is one year after termination. If you are aware that any of our clients agreed to a two-year non-solicitation period, please provide me with a copy or copies of such agreement and those that signed such an agreement will honor them.

Mr. Michael D. Weil
November 27, 2007
Page 4

In conclusion, each of our clients intends to honor his obligations to Group One. None of them have any intention or desire to retain, use or disclose Group One confidential or proprietary information. Each (except for those out the country) believes that he has now located and returned all documentation in his possession originating with Group One. If you believe additional documents may be in the possession of our clients that may have been overlooked, please let us know and we will see that they are returned if one of our clients does in fact have such document(s).

Please call with any questions or comments that you may have.

Very truly yours,

John D. Ruark

Attachments

# <u>SCHEDULES</u>

## LAUREN DELUCA

Deleted Electronic Files Sent to ldl551@gmail.com

- Individual volume summaries for approximately seven traders;

- Listing of oil stocks by name and market capitalization

Paper Documents

To be provided by Federal Express

## JOHN PETRIZZO

Electronic Files

None


Paper Documents

Unaware of any but will search upon return from New Zealand

## LAWRENCE SPIELDENNER

Deleted Electronic Files Sent to LAW551@gmail.com

Articles:

        Dutch auctions
        Avoiding overquoting
        Takeovers
        Regulation SHO
        VIX presentation
        COB/COA user guides

Scripts:

        CMC_db
        CMQ_bq
        CEH_bp
        CMS_db
        CMQ_hu
        CMQ_izp

Spreadsheets:

        Monday after expirations

Paper Documents

To be provided by Federal Express

## JOHN SUPERSON

### Deleted Electronic Files Sent to sup551@gmail.com

- Calendar of events for biotech stocks;

- Aqtor screenshots;

- Delta maintainer spreadsheet;

- COB/COA pps file;

- Interest calculator spreadsheet; and

- Tools-trader spreadsheet.

(Such files may remain accessible on Mr. Superson's Blackberry)

### Paper Documents

To be provided by Federal Express

## STANTON TODD

Electronic Files

None


Paper Documents

To be provided by Federal Express

5



**O R R I C K**

November 30, 2007

Michael D. Weil
(415) 773-5794
mweil@orrick.com

**VIA FACSIMILE AND EMAIL**

Mr. John D. Ruark
LAWRENCE, KAMIN, SAUNDERS & UHLENHOP, LLC
300 South Wacker Drive, Suite 500
Chicago, Illinois 60606

Re:    Group One Trading

Dear Mr. Ruark:

We have reviewed your November 27, 2007 letter submitted on behalf of your clients in response to my letter of November 20th and our subsequent telephone conversations. While we appreciate your effort, the responses submitted by your clients do not appear to be either complete or accurate. It is particularly troubling that some of your clients claim to have destroyed potential evidence. We are concerned that this spoliation of evidence was intended to conceal the truth about what documents and information your clients have taken, and we will need significant additional information and assurances to come to a different conclusion.

We are willing to make a last effort to resolve this without litigation but given your clients' deficient responses, Group One requires that your clients provide additional information and assurances by responding to the below requests for information and/or assurances by no later than Tuesday, December 4, 2007 at 12:00 p.m. Pacific Standard Time ("PST"). Particularly given the generality of your November 27th letter and the admissions contained therein, <u>the information and assurances must be provided by sworn affidavits</u>.

Group One requires the following:

1.    Your clients must provide a complete and accurate listing of all information they took from Group One and/or Group One information that is, or was, in their possession, custody or control. For each item of information identified, including the items previously identified in the Schedules attached to your letter, your clients must also identify the following:



**ORRICK**

John D. Ruark
November 30, 2007
Page 2

- when they took each item;

- how they took each item

- why they took each item;

- where each item is or was located; and

- to the extent an item of information was deleted or destroyed,

    o  when they deleted the item;

    o  how they deleted the item; and

    o  why they deleted the item.

2.     Your clients must confirm that they have not altered or tampered in any way with their computers or other electronic storage devices that contain or contained Group One information.

3.     Your clients must commit in writing that they will turn over all of personal computers, laptops or electronic storage devices (e.g., thumb drives, external hard drives, blackberries, etc.) in their possession, custody or control to our independent forensic analyst no later than 5:00 p.m. PST on Tuesday, December 4, 2007. All devices in their possession custody or control must be provided, regardless of whether they contend the computer or device contains Group One information. I will send you the contact information and address of the computer forensic expert once I receive confirmation from your clients that they will comply. Your clients must not alter or tamper with their computers or devices. Any alterations or tampering will be detected by our experts and will constitute spoliation of evidence.

4.     Your clients must amend their responses to identify all Group One employees they solicited to leave their employment with Group One, including each other, how they solicited each employee (e.g., phone call, email, letter, in person conversation or meeting or all of the above), and when they solicited each employee.



ORRICK

John D. Ruark
November 30, 2007
Page 3

5.    To the extent that they are planning a new business venture, your clients must describe the general business plan of that business venture and which other Group One employees or members they have invited to join.

6.    Your clients must acknowledge the confidential and proprietary nature of Group One's information including, but not limited to, Group One's Kitchen Sink documentation, training manual and trading scripts and your clients must swear in their affidavit that they will not use, copy or disclose such information.

7.    Your clients must promise to fully cooperate with Group One both in its recovery of any electronic files containing Group One confidential information or copyrighted materials in your possession and in the permanent deletion, under the direct supervision of Group One, of such records from any storage media.

*  *  *

Again, please provide the foregoing information and assurances by Tuesday, December 4, 2007 at 12:00 p.m. PST. Otherwise, our respective clients will be embroiled in expensive litigation, which is not in anyone's interest.

I look forward to your timely response. Feel free to call me if you have any questions.

Very truly yours,

ORRICK, HERRINGTON & SUTCLIFFE LLP

Michael D. Weil

6

# LK LAWRENCE, KAMIN,
# UP SAUNDERS & UHLENHOP LLC

300 South Wacker Drive, Suite 500          312-372-1947 phone          www.LKSU.com
Chicago Illinois 60606                     312-372-2389 fax

December 4, 2007

**BY EMAIL & FEDERAL EXPRESS**

Mr. Michael D. Weil
Orrick, Herrington & Sutcliffe LLP
405 Howard Street
San Francisco, California 94105

Dear Mr. Weil:

I am in receipt of your letter dated November 30, 2007. I am disappointed in its tone and its content. In particular, I find the absolute lack of specifics to be extremely troubling. I have repeatedly informed you that my clients seek to be cooperative, yet all we receive in response is saber-rattling. Further, once again you have set an arbitrary deadline for responding to your extremely broad, yet vague, demands.

You have stated several times that you believe that litigation would be expensive and not in the interests of either of our clients. While I certainly believe that litigation serves no one's interest, I remind you that the agreement that my clients signed provides that the prevailing party is entitled to receive attorneys fees.

You will recall that your prior letter asserted that my clients are subject to a two-year non-solicitation period. I suspect that your utter failure to produce any agreement reflecting a two-year non-solicitation provision or even to address this issue reflects that your prior assertion was either carelessness on your part or an intentional misstatement of relevant facts.

My clients are not currently trading and have no interest or desire to have, use or distribute any Group One confidential or proprietary materials. However, that my clients are willing to be cooperative does not mean that my clients are willing to be subjected to threats based upon unsubstantiated allegations of wrong-doing.

Please be advised that my clients reject the demands and the arbitrary deadlines of your November 30, 2007 letter entirely. Should you wish to recast your requests in a manner that provides specifics as to what you assert that my clients have that belongs to Group

Mr. Michael D. Weil
December 4, 2007
Page 2


One and sets out a realistic timeline, I will certainly review such letter with due consideration. Furthermore, I would anticipate that my clients would be cooperative in responding to any such requests, provided that such requests include an accounting of funds due to my clients with respect to deferred compensation and their equity holdings in Group One and an indication of when those funds will be paid.

I look forward to your response.


Very truly yours,

John D. Ruark

**7**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

Group One Trading LP,

        Plaintiff,

    v.

Lauren DeLuca, Lawrence Spieldenner,
John Superson and Stanton Todd,

        Defendants.

No.  07 CV 6881

Honorable Virginia M. Kendall

Magistrate Judge Susan E. Cox

## NOTICE OF MOTION

To:    John D. Ruark
      Lawrence, Kamin, Saunders & Uhlenhop LLC
      300 South Wacker Drive
      Suite 500
      Chicago, IL  60606

      PLEASE TAKE NOTICE that on _____, 2007 at ___ a.m./p.m., the undersigned will appear before Judge Virginia M. Kendall in Courtroom 1719 in the above-referenced Court, Chicago, Illinois, and then and there present the foregoing *Plaintiff Group One's Emergency Motion For A Temporary Restraining Order and Preliminary and Permanent Injunction Against Defendants, Lauren DeLuca, Lawrence Spieldenner, John Superson, and Stanton Todd,* copies of which are hereby served upon you.

Dated:  December 6, 2007

Respectfully submitted,

Group One Trading LP, Plaintiff

By:    /s/ Daniel A. Kaufman
        One of Its Attorneys

Daniel A. Kaufman
Laura Shroyer Liss
MICHAEL BEST & FRIEDRICH LLP
Two Prudential Plaza
180 North Stetson Avenue, Suite 2000
Chicago, IL  60601-6710
Telephone: 312.222.0800
Facsimile: 312.222.0818

## CERTIFICATE OF SERVICE

I, the undersigned, a non-attorney, certify that I caused a copy of the foregoing *Notice of Motion and Plaintiff, Group One's Emergency Motion For A Temporary Restraining Order and Preliminary and Permanent Injunction Against Defendants, Lauren DeLuca, Lawrence Spieldenner, John Superson, and Stanton Todd, and Plaintiff Group One's Brief in Support of Its Motion For A Temporary Restraining Order and Preliminary and Permanent Injunction*, to be served via messenger upon:

> John D. Ruark
> Lawrence, Kamin, Saunders & Uhlenhop LLC
> 300 South Wacker Drive
> Suite 500
> Chicago, IL  60606

Dated: December 6, 2007

Meg Piscitelli