IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Group One Trading LP,<br><br>          Plaintiff,<br><br>v.<br><br>Lauren DeLuca, Lawrence Spieldenner,<br>John Superson and Stanton Todd,<br><br>          Defendants. | No.  07 CV 6881<br><br>Honorable Virginia M. Kendall<br><br>Magistrate Judge Susan E. Cox |

**STATUS REPORT**

1.  Plaintiff Group One submits this status conference report in advance of the parties' January 10, 2008 status conference to inform the Court of the background regarding the progress of any settlement discussions.

2.  On December 7, 2007, Group One sought emergency relief from this Court based on demonstrable evidence that the Defendants had taken Group One's intellectual property and solicited its employees in furtherance of their own competing business.  Although the Court denied Group One's request for emergency relief, the Court ordered that "Defendants are ordered to preserve information contained on personal computers, and to create mirror images of the contents within 21 days."  The purpose of such an order was to permit the parties to determine the extent of misappropriation, if any, by Defendants and come to a quick resolution of this matter.  On December 17, 2007, this Court entered an order staying discovery until January 10, 2008 and instructing the parties to report on the progress of any settlement on that date.

3.  Rather than cooperate with Group One, since the December 7, 2007 hearing, Defendants have reneged on the parties' agreement regarding conducting computer forensics discovery, are frustrating Group One's ability to determine whether Defendants continue to possess Group One's copyrighted, trade secret and confidential information and are thwarting the

purpose of this Court's order. If Defendants continue down this path, they will prevent the parties from seeking a quick resolution of this case and cause them to drift closer to full-scale litigation.

4. In furtherance of the Court's order, on December 21, 2007, the parties' counsel had a lengthy call regarding a computer forensics procedure. During that call, Defendants' counsel promised to produce mirror images of Defendants' computers and other electronic storage devices subject to a protocol. The parties then discussed general terms of the protocol.

5. On December 26, 2007, Group One memorialized the conversation about the computer forensics procedure in a written protocol. *See* Exhibit A. The parties further negotiated the agreement on that same day and revised the protocol. *See* Exhibit B & C. Defense counsel responded that their initial reaction to the revised protocol is "positive" and that they "should be able to provide any additional comments by noon or so tomorrow." *See* Exhibit D.

6. Importantly, the agreed-upon protocol allowed Group One's expert to determine, among other things, whether Defendants possess and intend to keep, use or disclose Group One's trade secret, copyrighted and confidential information. For example, the protocol would permit Group One's expert to determine whether Defendants have transferred Group One's materials to another device, whether they have made all electronic devices available or whether they have engaged in spoliation of evidence. Evidence of any of the foregoing would demonstrate, among other things, that Defendants do intend to keep, use or disclose Group One confidential information. On the other hand, if there is an absence of any such evidence, it might suggest the contrary. *See* Declaration of Andy Crain, attached as Exhibit E.

7.　　Group One received no further comments or expressions of disagreement at any time from Defendants on December 26 or any time thereafter. The parties talked again on January 3, 2008, but Defendants' counsel still did not object to the protocol. To the contrary, they said it was "fine," or words to that effect. Defendants' counsel further promised to produce the mirror images to Group One by Monday, January 7. They also agreed to finalize and execute the written protocol by Friday, January 4.

8.　　Instead of sending the executed protocol or mirror images as discussed and agreed upon by the parties, on January 7, 2008, Defendants' counsel sent an email reneging on the entire agreement. *See* Exhibit F. Rather than cooperate and produce the mirror images pursuant to this Court's December 10, 2007 order and the agreement of counsel, defense counsel suddenly and unexpectedly changed their position. Indeed, nothing had changed since the parties' initial conversation. *See* Exhibit G.

9.　　Rather than make mirror images available for Group One's experts, Defendants proposed that *Defendants'* expert retain *all* mirror images and run searches on those images for a *maximum* of ten search terms. This unacceptable counterproposal would effectively thwart Group One's ability to learn whether Defendants have retained Group One's confidential information. Indeed, it is inappropriate and ineffective for only Defendants' expert to have access to this key evidence. *See* Exhibit E. Defendants' proposal that Group One's expert oversee Defendants' expert's work is totally impractical. Piecing together acts designed to conceal or destroy evidence on a computer is a painstaking and time intensive process. This type of evidence is going to be overlooked by an analyst working for Defendants by the hour.

10.　　Defendants' proposal that Group One be limited to only ten search terms also is unacceptable. There is demonstrable evidence that Defendants improperly took a substantial

amount of confidential information from Group One.  Ten search terms will not even come close to identifying those materials.  In addition, depending on what the initial search terms reveal, it may be necessary to run additional search terms.

11.   To allow for fair discovery and fact investigation, Group One and Defendants should proceed with the agreed-upon procedure, which is attached hereto as Exhibit C.  Group One requests the Court order this procedure.  Otherwise, Defendants' refusal to cooperate in the proper process and effectuate the purpose of this Court's order will obstruct Group One's attempt to obtain the necessary discovery, protect its rights and seek a resolution of this case.

Dated:  January 8, 2008

Respectfully submitted,

Group One Trading LP,
Plaintiff

By:   s/Daniel A. Kaufman
One of the Attorneys for Plaintiff

Daniel A. Kaufman
MICHAEL BEST & FRIEDRICH LLP
Two Prudential Plaza
180 North Stetson Avenue, Suite 2000
Chicago, Illinois  60601
Telephone:  (312) 222-0800
Facsimile:  (312) 222-0818

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 8, 2008, I electronically filed the foregoing ***Status Report*** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Charles J. Risch  
John D. Ruark  
John Monical  
Lawrence, Kamin, Saunders & Uhlenhop LLC  
300 South Wacker Drive  
Suite 500  
Chicago, IL 60606

s/Daniel A. Kaufman  
Attorney for Plaintiff,  
Group One Trading LP  
Michael Best & Friedrich LLP  
Two Prudential Plaza  
180 North Stetson Avenue, Suite 2000  
Chicago, Illinois 60601  
Phone: (312) 222-0800  
E-mail: dakaufman@michaelbest.com