# EXHIBIT A

**Guerzon, Rica**

| | |
|---|---|
| **From:** | Weil, Michael |
| **Sent:** | Wednesday, December 26, 2007 10:07 AM |
| **To:** | 'jruark@lksu.com'; 'crisch@lksu.com' |
| **Cc:** | 'Kaufman, Daniel A (35077)'; Rosenstein, Ira G. |
| **Subject:** | Computer forensics protocol |
| **Attachments:** | 260358865_1.DOC |

Charlie and John,

Attached is Group One's proposed protocol for the examination of defendants' computers and other electronic information storage devices or locations. Please let me know as soon as possible if the attached is acceptable or if you have any counterproposals so that we can start the analysis as soon as possible.

I hope you are having a pleasant holiday season.

Michael

1
2
3
4
5
6
7
8           IN THE UNITED STATES DISTRICT COURT
9           FOR THE NORTHERN DISTRICT OF ILLINOIS
10
11   Group One Trading LP                    CASE NO. _____
12              Plaintiff,                    **PROCEDURE FOR ANALYSIS OF**
                                             **DEFENDANTS' COMPUTERS AND**
13        v.                                  **ELECTRONIC STORAGE**
                                             **REPOSITORIES**
14   Lauren DeLuca,
     Lawrence Spieldenner,
15   John Superson and
     Stanton Todd,
16
17              Defendants.
18
19
20
21
22
23
24
25
26
27
28

                                                        [PROPOSED] ORDER

IT IS HEREBY STIPULATED AND ORDERED as follows:

1.     Defendants shall provide access to all electronic storage devices or electronic storage repositories ("Defendants' Data") in their possession, custody or control on or before **January 2, 2008 in one of two ways:** Defendants shall either provide a forensic copy of each such electronic storage space or location to Plaintiff or provide sufficient access so that a forensic copy may be made by Plaintiff's expert. Defendants' Data shall include, but not be limited to, all computers, blackberries, flash/thumb drives, CDs, DVDs, external hard drives, network servers, shared or provided servers/server space, online or internet electronic storage and online or internet storage locations or accounts (e.g., webmail storage space, such as gmail, yahoo, hotmail or other accounts, remotely hosted network space, or online storage and file sharing service access). With respect to online or internet storage locations or accounts, Defendants shall provide login identifications and passwords.

2.     Plaintiff may conduct a forensic examination of Defendants' data as follows:

a.  Attorneys for the Plaintiff and their forensics expert(s) shall analyze Defendants' Data using general forensics techniques and by searching Defendants' Data for relevant business-related terms. The investigators will take steps to avoid review of purely personal materials.

b.  To protect the privacy and confidentiality interests of Defendants, all of Defendants' data will initially be designated as "Confidential" and its use shall be limited on the same terms and conditions as set forth in paragraph 5 of the Stipulation of Stay of Proceedings to which the parties have agreed related to this litigation and arbitration. The parties' experts shall be bound by such restrictions and obligations. This initial Confidential designation for specific parts of Defendants' data may be changed by written permission from Defendants' counsel.

IT IS SO ORDERED.

- 2 -

1    Dated:_____, 2007

2                                    _____
                                     Judge of the District Court

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] STIPULATION AND ORDER

# EXHIBIT B

**Guerzon, Rica**

---

| | |
|---|---|
| **From:** | Weil, Michael |
| **Sent:** | Wednesday, December 26, 2007 2:41 PM |
| **To:** | 'crisch@lksu.com'; 'jruark@lksu.com' |
| **Cc:** | 'Kaufman, Daniel A (35077)'; Rosenstein, Ira G. |
| **Subject:** | Computer and e-storage review procedure.DOC |
| **Attachments:** | 260358865(1)_Computer and e-storage review procedure.DOC |

Charlie and John,

Attached is a revised protocol based on today's discussion.  Note that we are still working on language for the review of defendants' email accounts, but I wanted to get the ball rolling on the search term issue.  Please let me know if the attached addresses your concerns regarding the search term issue.

Thanks,

Michael

1
2
3
4
5
6
7
8              IN THE UNITED STATES DISTRICT COURT
9            FOR THE NORTHERN DISTRICT OF ILLINOIS
10
11    Group One Trading LP                    CASE NO. _____
12              Plaintiff,                    **PROCEDURE FOR ANALYSIS OF**
                                              **DEFENDANTS' COMPUTERS AND**
13         v.                                 **ELECTRONIC STORAGE**
                                              **REPOSITORIES**
14    Lauren DeLuca,
      Lawrence Spieldenner,
15    John Superson and
      Stanton Todd,
16
17              Defendants.
18
19
20
21
22
23
24
25
26
27
28

[PROPOSED] ORDER

1

2  IT IS HEREBY STIPULATED as follows:

3       1.     Defendants shall provide access to all electronic storage devices or electronic

4  storage repositories ("Defendants' Data") in their possession, custody or control on or before

5  **January 2, 2008 in one of two ways:** Defendants shall either provide a forensic copy of each

6  such electronic storage space or location to Plaintiff or provide sufficient access so that a forensic

7  copy may be made by Plaintiff's expert. Defendants' Data shall include, but not be limited to, all

8  computers, blackberries, flash/thumb drives, CDs, DVDs, external hard drives, network servers,

9  shared or provided servers/server space, online or internet electronic storage and online or

10  internet storage locations or accounts (e.g., webmail storage space, such as gmail, yahoo, hotmail

11  or other accounts, remotely hosted network space, or online storage and file sharing service

12  access). [With respect to online or internet storage locations or accounts, Defendants shall

13  provide login identifications and passwords]. [CHARLIE/JOHN – WE ARE STILL WORKING

14  ON REPLACEMENT LANGUAGE FOR THIS SENTENCE].

15       2.     Plaintiff may conduct a forensic examination of Defendants' data as follows:

16            a.  Attorneys for the Plaintiff and their forensics expert(s) shall analyze Defendants'

17                Data using general forensics techniques and by searching Defendants' Data for

18                relevant business-related terms. After Group One has received Defendants' Data,

19                and one day prior to implementing the first set of search terms, Group One's

20                counsel shall provide Defendants' counsel a list of the first set of search terms.

21                Thereafter, Group One's counsel shall send any additional sets of search terms to

22                Defendants' counsel within one day of implementing the terms.

23            b.  To protect the privacy and confidentiality interests of Defendants, all of

24                Defendants' data will initially be designated as "Confidential – Attorneys' and

25                Consultants' Eyes Only" and its use shall be limited on the same terms and

26                conditions as set forth in paragraph 5 of the Stipulation of Stay of Proceedings to

27                which the parties have agreed related to this litigation and arbitration. The parties'

28                experts shall be bound by such restrictions and obligations. This initial

- 2 -

1    Confidential – Attorneys' and Consultants' Eyes Only designation may be

2    changed by written or oral permission from Defendants' counsel to allow Group

3    One's attorneys to show the de-designated material to their clients for assistance in

4    this litigation, and Defendants' counsel shall cooperate in granting such permission

5    to Group One's counsel.

6    SO STIPULATED.

7

8    Dated:  December __, 2007

9    By:  s/ Daniel A. Kaufman                    By:  s/ Charles J. Risch (with permission)
          Daniel A. Kaufman                            John D. Ruark
10        Laura Shroyer Liss                           Charles J. Risch
          Michael Best & Friedrich LLP                 John S. Monical
11        Two Prudential Plaza                         Lawrence, Kamin, Saunders & Uhlenhop, LLC
          180 N. Stetson Ave., Suite 2000              300 South Wacker Drive, Suite 500
12        Chicago, Illinois 60601                      Chicago, Illinois 60604
          (312) 222-0800                               (312) 372-1947
13        Facsimile: (312)222-0818                     Facsimile:  (312) 222-0818
          dakaufman@michaelbest.com                    crisch@lksu.com
14
                                                       *Attorneys for Defendants,*
15                                                     *Lauren DeLuca, Lawrence Spieldenner, John*
                                                       *Superson and Stanton Todd*
16        *Attorneys for Plaintiff,*
          *Group One Trading LP*

17

18

19

20

21

22

23

24

25

26

27

28

-3-

# EXHIBIT C

**Guerzon, Rica**

| | |
|---|---|
| **From:** | Weil, Michael |
| **Sent:** | Thursday, January 03, 2008 11:41 AM |
| **To:** | 'crisch@lksu.com'; 'jruark@lksu.com' |
| **Cc:** | Rosenstein, Ira G.; 'Kaufman, Daniel A (35077)' |
| **Subject:** | FW: Computer and e-storage review procedure.DOC |
| **Attachments:** | 260358865(1)_Computer and e-storage review procedure.DOC |

Charlie and John,

I believe that the attached is the latest version of the protocol. Please let us know if it is acceptable.

Michael

**From:** Weil, Michael
**Sent:** Wednesday, December 26, 2007 7:13 PM
**To:** 'crisch@lksu.com'; 'jruark@lksu.com'
**Cc:** Rosenstein, Ira G.; 'Kaufman, Daniel A (35077)'
**Subject:** Computer and e-storage review procedure.DOC

Charlie and John,

I have included a protocol at the end of the attached for reviewing the defendants' email accounts. Please let us know if it is acceptable.

Thank you,

Michael

1
2
3
4
5
6
7
8          IN THE UNITED STATES DISTRICT COURT
9        FOR THE NORTHERN DISTRICT OF ILLINOIS
10
11   Group One Trading LP                        CASE NO. _____
12              Plaintiff,                        **PROCEDURE FOR ANALYSIS OF**
                                                  **DEFENDANTS' COMPUTERS AND**
13        v.                                      **ELECTRONIC STORAGE**
                                                  **REPOSITORIES**
14   Lauren DeLuca,
     Lawrence Spieldenner,
15   John Superson and
     Stanton Todd,
16
17              Defendants.
18
19
20
21
22
23
24
25
26
27
28

[PROPOSED] ORDER

1

2     IT IS HEREBY STIPULATED as follows:

3         1.      Defendants shall provide access to all electronic storage devices or electronic

4    storage repositories ("Defendants' Data") in their possession, custody or control on or before

5    **January 2, 2008 in one of two ways:** Defendants shall either provide a forensic copy of each

6    such electronic storage space or location to Plaintiff or provide sufficient access so that a forensic

7    copy may be made by Plaintiff's expert. Defendants' Data shall include, but not be limited to, all

8    computers, blackberries, flash/thumb drives, CDs, DVDs, external hard drives, network servers,

9    shared or provided servers/server space, online or internet electronic storage and online or

10   internet storage locations or accounts (e.g., webmail storage space, such as gmail, yahoo, hotmail

11   or other accounts, remotely hosted network space, or online storage and file sharing service

12   access).

13       2.      Plaintiff may conduct a forensic examination of Defendants' data as follows:

14           a.  Attorneys for the Plaintiff and their forensics expert(s) shall analyze Defendants'

15               Data using general forensics techniques and by searching Defendants' Data for

16               relevant business-related terms. After Group One has received Defendants' Data,

17               and one day prior to implementing the first set of search terms, Group One's

18               counsel shall provide Defendants' counsel a list of the first set of search terms.

19               Thereafter, Group One's counsel shall send any additional sets of search terms to

20               Defendants' counsel within one day of implementing the terms.

21           b.  To protect the privacy and confidentiality interests of Defendants, all of

22               Defendants' data will initially be designated as "Confidential – Attorneys' and .

23               Consultants' Eyes Only" and its use shall be limited on the same terms and

24               conditions as set forth in paragraph 5 of the Stipulation of Stay of Proceedings to

25               which the parties have agreed related to this litigation and arbitration. The parties'

26               experts shall be bound by such restrictions and obligations. This initial

27               Confidential – Attorneys' and Consultants' Eyes Only designation may be

28               changed by written or oral permission from Defendants' counsel to allow Group

- 2 -

One's attorneys to show the de-designated material to their clients for assistance in this litigation, and Defendants' counsel shall cooperate in granting such permission to Group One's counsel.

c. With respect to online or internet storage locations or accounts, Defendants shall provide all necessary accesses or permissions for Plaintiff's expert(s) and attorneys to access any shared or provided servers/server space, online or internet electronic storage and online or internet storage locations or accounts (*e.g.,* webmail storage space, such as gmail, yahoo, hotmail or other accounts, remotely hosted network space and online storage or file sharing services) in any Defendant's possession, custody or control. Defendants shall permit Plaintiff's expert(s) and attorneys to review their online email accounts and any online or shared storage space that they have access to, and copy any data residing there that may be relevant to this matter. To accomplish this, the parties have agreed to take the following steps:

   i. Defendants shall identify all online / Internet / shared server storage space that any Defendant has access to (including but not limited to their webmail email accounts) by 12/28/06;

   ii. Plaintiff's expert(s) shall work with Defendant's expert to set up the ability for Defendant's expert to remotely view the screen of the computer used to review the Defendants' online email accounts and storage space and copy relevant data. Plaintiff's expert(s) and attorneys shall not access or "log-in" to any Defendant's account without Defendant's expert (or another representative of Defendants) remotely viewing that log-in and review process.

   iii. Defendants shall make their expert or another representative of Defendants available during business hours (Central time) from 1/2/08 to 1/9/08 in order to remotely view that log-in, review and copying process. Both parties shall make reasonable accommodations to schedule and complete this review process as soon as possible.

- 3 -

1          iv.  Defendants shall supply all access or log-in credentials or passwords

2               necessary to access their accounts.  After Plaintiff's expert(s) and attorneys

3               have stated in writing that they have completed their review, Defendants

4               shall change their access or log-in credentials or passwords.

5    SO STIPULATED.

6

7    Dated:  December __, 2007

8    By:  s/ Daniel A. Kaufman              By:  s/ Charles J. Risch (with permission)

9        Daniel A. Kaufman                    John D. Ruark
         Laura Shroyer Liss                   Charles J. Risch

10       Michael Best & Friedrich LLP        John S. Monical
         Two Prudential Plaza              Lawrence, Kamin, Saunders & Uhlenhop, LLC

11       180 N. Stetson Ave., Suite 2000    300 South Wacker Drive, Suite 500
         Chicago, Illinois 60601           Chicago, Illinois 60604

12       (312) 222-0800                  (312) 372-1947
         Facsimile: (312)222-0818         Facsimile:  (312) 222-0818

13       dakaufman@michaelbest.com       crisch@lksu.com

14                                  *Attorneys for Defendants,*
                                  *Lauren DeLuca, Lawrence Spieldenner, John*

15     *Attorneys for Plaintiff,*               *Superson and Stanton Todd*
         *Group One Trading LP*

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] STIPULATION AND ORDER

# EXHIBIT D

**Guerzon, Rica**

| | |
|---|---|
| **From:** | Weil, Michael |
| **Sent:** | Monday, January 07, 2008 10:50 AM |
| **To:** | Guerzon, Rica |
| **Subject:** | FW: Computer and e-storage review procedure.DOC |
| **Attachments:** | Charles Risch.vcf |

**From:** Charlie J. Risch [mailto:crisch@lksu.com]
**Sent:** Wednesday, December 26, 2007 3:20 PM
**To:** Weil, Michael
**Cc:** John Ruark
**Subject:** RE: Computer and e-storage review procedure.DOC

Michael,

While we have not had the opportunity to review the changes in detail or to discuss them with our clients, John's and my initial reaction to them is positive. We should be able to provide you with any additional comments by noon or so tomorrow. When drafting the email proposal, please take into account that we will want to have a provision that precludes anyone from opening emails from or to John or me where the other recipients/authors are limited to our clients (including John Petrizzo). Also, we would like to have an express provision requiring the return of any mirrors/copies of mirrors upon the completion of all authorized searches.

Thanks,

*Charlie*

## LAWRENCE, KAMIN, SAUNDERS & UHLENHOP LLC

**Charles J. Risch**
Lawrence, Kamin Saunders & Uhlenhop
300 South Wacker Drive, Suite 500        312-372-1947 phone      www.LKSU.com
Chicago, Illinois 60606                           312-372-2389 fax
Direct Phone  (312) 924-4260
email:  crisch@LKSU.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message

Rules governing our practice before the Internal Revenue Service require that we advise you that any tax advice in this communication (and any attachments) (i) is intended only for the addressee and (ii) is not written with the intent that it be used, and in fact cannot be used, to avoid penalties under the Internal Revenue Code or to promote, market or recommend to any other person any tax-related idea.

**From:** Weil, Michael [mailto:mweil@orrick.com]
**Sent:** Wednesday, December 26, 2007 4:41 PM
**To:** crisch@lksu.com; jruark@lksu.com

**Cc:** Kaufman, Daniel A (35077); Rosenstein, Ira G.
**Subject:** Computer and e-storage review procedure.DOC

Charlie and John,

Attached is a revised protocol based on today's discussion.  Note that we are still working on language for the review of defendants' email accounts, but I wanted to get the ball rolling on the search term issue.  Please let me know if the attached addresses your concerns regarding the search term issue.

Thanks,

Michael

==================================================

IRS Circular 230 disclosure:
To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication, unless expressly stated otherwise, was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.

==================================================

NOTICE TO RECIPIENT: THIS E-MAIL IS MEANT FOR ONLY THE INTENDED RECIPIENT OF THE TRANSMISSION, AND MAY BE A COMMUNICATION PRIVILEGED BY LAW. IF YOU RECEIVED THIS E-MAIL IN ERROR, ANY REVIEW, USE, DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS E-MAIL IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY OF THE ERROR BY RETURN E-MAIL AND PLEASE DELETE THIS MESSAGE FROM YOUR SYSTEM. THANK YOU IN ADVANCE FOR YOUR COOPERATION.
For more information about Orrick, please visit http://www.orrick.com

# EXHIBIT E

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

Group One Trading LP

        Plaintiff,

   v.

Lauren DeLuca, Lawrence Spieldenner,
John Superson and Stanton Todd,

       Defendants.

No.  07 CV 6881

Honorable Virginia M. Kendall

Magistrate Judge Susan E. Cox

## DECLARATION OF ANDREW CRAIN REGARDING ANALYSIS OF DEFENDANTS' CURRENT COMPUTERS

I, ANDREW CRAIN, declare:

1. I make this declaration of my own personal knowledge, and if called as a witness, I could and would competently testify to the matters set forth herein.

2. I have been conducting forensic analysis of the computers used by defendants in this matter while they were employed by Group One Trading L.P. ("the Group One computers"). Some of the interim results of my analysis were described in a declaration previously filed in this case, signed December 5, 2007 ("Dec 5 Crain").

**Searching Defendants' Computers for 10 Keywords is not a Sufficient Methodology to Identify the Relevant Facts and Computer Activity in this Matter**

3. I have reviewed correspondence from Defendants' counsel suggesting that Defendants' expert should review Defendants' current computers by conducting keyword searches for 10 or fewer search terms. I believe that limiting the forensic analysis of Defendants' computers to such a methodology will cause significant electronic evidence to go un-recovered.

4. In order to conduct a thorough and complete investigation of Defendants' activities and to determine whether they remain in possession of, or have used, Group One's materials, I need to be able to perform forensic analysis on the mirror images of their computers and electronic information storage devices. Defendants' proposed methodology would limit my ability to fully assess whether Defendants have transferred, deleted, used or disclosed Group One's materials, or whether Defendants have produced all of their computers for inspection.

5. Under the present circumstances, I recommend that the computer forensic analysis protocol include at least (but, as discussed, not be limited to):

A.   *Additional Keyword Searching*

6. When searching across numerous computers' entire hard drives, it is often necessary to utilize a large and dynamic set of search terms to find or rule out the existence of specific information. In situations such as this case where several Defendants, each of whom utilize one or more computers, have taken numerous electronic documents, it is extremely difficult to rule out Defendants' continued possession of those documents by searching for only 10 keywords.

7. More than 10 keywords will be required here, even if the sole purpose of the forensic analysis is just to locate the Group One documents that Defendants admit taking. Exhibit A to Dec 5 Crain shows that Larry Spieldenner emailed himself around 70 electronic documents. While some search terms may be both sufficiently unique and common to identify more than one of the documents taken by Spieldenner (e.g. the search term "Group1"), often the forensic examiner must use search terms that will only identify the existence of a single document. For example, to identify the presence of the content of

"G1 Tools.doc," it would likely be necessary to use not only the search term "G1 Tools" (to identify the file's presence by name) but also several other unique, sample words or phrases from within the body of the file. Some or all of the files taken by Defendants may have been renamed, had only portions of their contents used or had references to "G1" or "Group One" removed (so as to conceal their source). To identify just the documents taken by Spieldenner, it could conceivably take more than 200 search terms to find or rule out the existence of those documents on Defendants' current computers.

8. Additional keywords will also be necessary in this matter to identify Group One files or data taken by Defendants that they have not disclosed. My analysis of the Group One computers has already identified a number of additional documents that Defendants took but have not admitted to taking (by their counsel's letter dated November 27, 2007 ("Defendants' letter")). See Dec 5 Crain at para. 27. Further, additional keywords might be used to recover evidence related to Defendants' methods and activities aimed at removing or concealing their activity with respect to Group One documents. I have already recovered several communications among Defendants that show they were taking precautions to conceal their activity (see e.g. Dec 5 Crain exhibits J, K, L), and Defendants' letter admits that they have already deleted some Group One documents.

9. In my experience performing forensic analysis on a series of computers, it is quite common to uncover new and highly relevant keywords that then merit follow-up investigation. For example, recovered email communications can contain new names, email addresses or file names that should then be used as additional search terms. This is especially true in situations such as the present one where only some of the files of interest have been discovered.

B.    *Analysis of Concealment, Deletion and/or Wiping Activity on Defendants' Computers*

10. Keyword searching alone is not sufficient to identify and analyze concealment, deletion and/or "wiping" activities, and Defendants' communications and admissions in this matter demonstrate that this type of analysis is warranted here. As noted above, Defendants have admitted to deleting files relevant to this litigation. I have already recovered evidence showing that Defendants were still taking Group One documents as late as November 15, 2007, yet they claim that they had already deleted those documents before receipt of Plaintiffs' November 20, 2007 letter. In addition, Defendants' communications discuss efforts to conceal their electronic tracks.

C.    *Analysis of Group One File Activity and File Transfer Activity*

11. Additional analysis of files and file transfer activity, beyond simple keyword searching, is also warranted in this matter. The Defendants have admitted taking Group One documents, so I understand it is now relevant to determine what the Defendants have done with those documents. Analyzing what has become of those documents – e.g., whether they have been deleted, copied, moved or further disseminated – is warranted in this situation. Each of these types of analysis requires much more detailed and focused investigation than what can achieved by simple keyword searching. For example, file

2

transfer can be accomplished in numerous ways, and each transfer method can leave unique and distinctive electronic tracks. For example, files can be copied or moved using email, instant messaging, external storage devices, online storage repositories, networked computers, CD/DVD burning, hardcopy printouts or FTP (File Transfer Protocol). To identify what specific analyses are warranted, a general forensic analysis should first be conducted across a range of Windows operating system artifacts.

12. The evidence I have seen on Defendant's Group One computers indicates that they have not yet admitted to all of the electronic documents that they took. Under the circumstances, a general search for the presence and use of Group One documents and information is warranted. While keyword searching (combined with a thorough knowledge of the types of documents and information being sought) is useful for identifying many Group One files, there are many file formats that cannot easily be keyword searched and additional analysis will be necessary to identify all relevant file activity.

D.     *Analysis of Defendants' Activities While Working For Group One*

13. Based on the communications that I recovered from the Group One computers, it appears that the Defendants were preparing their new business venture for quite some time while still working for Group One. A timeline analysis of Defendants' activities leading up to and just after their departure from Group One is warranted here, to identify whether any Group One information was used for purposes unrelated to Group One.


I, _ANDREW CRAIN_, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that I have read the foregoing declaration and the information contained herein is true and correct to the best of my knowledge and belief.

Name: _____

Title: _FORENSICS LITIGATION DIRECTOR_

Date: _1/8/08_____

# EXHIBIT F

## Guerzon, Rica

| | |
|---|---|
| **From:** | Weil, Michael |
| **Sent:** | Monday, January 07, 2008 9:01 AM |
| **To:** | Guerzon, Rica |
| **Subject:** | FW: Computer and e-storage review procedure.DOC |
| **Attachments:** | Charles Risch.vcf |

**From:** Charlie J. Risch [mailto:crisch@lksu.com]
**Sent:** Monday, January 07, 2008 8:14 AM
**To:** Weil, Michael; 'Kaufman, Daniel A (35077)'
**Cc:** Rosenstein, Ira G.; John Ruark
**Subject:** RE: Computer and e-storage review procedure.DOC

Michael and Dan,

After my original conversation with Ira Rosenstein and Dan Kaufman on December 12th, I expected that that we would use the period in which the litigation was stayed to facilitate reaching an agreed resolution of our respective clients' disputes. Both sides to the conversation mentioned maintaining relationships as being of value. I understood that Group One was looking to receive concrete information about the extent to which our clients might still have Group One information and about our clients' future businesses plans. I also understood, however, that the information exchange we were going to engage in was so that Group One could assure itself that my clients' representations that they did not intend either to keep, use or disclose any Group One information or to solicit Group One employees to join a new business venture and, if it was so assured, a reasonable negotiated resolution putting the dispute to rest would not be difficult to achieve.

It was based on this understanding, of a cooperative approach with the intention of reaching a resolution, that we approached our discussions of how to proceed with providing your client the information it was seeking. For that reason, we did not immediately object to the idea of turning over raw data, including much personal or otherwise totally irrelevant data, to be searched by you and your expert, with little or no controls. As you are aware, this is not a usual approach to discovery in on-going litigation. We entertained adopting such an approach because we was considering it more in the context of allowing your client to conduct some due diligence in furtherance of consummating an expected agreement.

We had another reason for considering this approach. As was discussed in the conversation with Ira and Dan, each of our clients had lost trust in the other. Ira concurred that both sides needed to make an effort to regain the other's trust. We felt that providing the raw data could be an important step in rebuilding trust. We anticipated, based upon the conversation with Ira and Dan, that your client would make goodwill gestures in return.

Based on our more recent discussions, we and our clients have become uncomfortable with continuing this approach for several reasons. You have made comments to the effect that: your clients are continuing to develop more and more "evidence" by the day concerning my clients without ever identifying any such "evidence"; you dismissed our inquiries concerning your client's intentions concerning the considerable sums due my clients as constituting a completely separate matter; you have been vague as to when you will provide the search terms to us; when asked, you have been unwilling or

1/7/2008

unable to give us any concrete information with respect to the terms on which your client might be willing to settle and mentioned that a settlement might depend on "what we find." As a result, we have come to believe that I may have misunderstood the tenor and substance of that first conversation I had with Ira and Dan. Therefore, we believe that adopting a more traditional "discovery" approach to exchanging information would be more appropriate, although we do not intend to discourage and would welcome further discussion of settlement.

As we advised, we have retained an expert, Project Leadership Associates ("PLA"), that has made mirrors of all computers, blackberries, external hard drives, etc. that any of our clients possessed or controlled as of December 17, 2007. We will direct PLA to conduct a search of all of the mirrors based on a reasonable number (no more than 10) of relevant business search terms that you specify. You may have your expert observe the search if you wish and we are willing to arrange to have your expert confer with ours to discuss the method for conducting the search. We will also have our expert prepare an agreed upon form of report of the search results and furnish a copy of such report to you. We will commit to conferring with you within two business days of receiving the report to agree to a procedure for identifying relevant files from all files identified by the search and whether any additional searches of the data need or should be made. As the mirrors are already made (although the mirror of the Petrizzo laptop has not yet been received from New York), we could begin searching the data as soon as you provide us with the list of search terms that you want PLA to use.

With respect to emails, we will conduct a search of all of our clients' email accounts and provide copies of any and all that fall within the scope of your documents requests. We expect that we should be able to accomplish this by January 10th so that we can produce the emails along with any other responsive documents in response to the document requests that you served on us.

We are hopeful still that our document and information exchanges will provide the basis for entering into productive settlement discussions.


*Charlie*



**Charles J. Risch**
Lawrence, Kamin Saunders & Uhlenhop
300 South Wacker Drive, Suite 500     312-372-1947 phone     www.LKSU.com
Chicago, Illinois 60606                312-372-2389 fax
Direct Phone  (312) 924-4260
email:  crisch@LKSU.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message

Rules governing our practice before the Internal Revenue Service require that we advise you that any tax advice in this communication (and any attachments) (i) is intended only for the addressee and (ii) is not written with the intent that it be used, and in fact it cannot be used, to avoid penalties under the Internal Revenue Code or to promote, market or recommend to any other person any tax-related idea.

**From:** Weil, Michael [mailto:mweil@orrick.com]
**Sent:** Friday, January 04, 2008 7:54 PM

**To:** crisch@lksu.com; jruark@lksu.com
**Cc:** Rosenstein, Ira G.; Kaufman, Daniel A (35077)
**Subject:** RE: Computer and e-storage review procedure.DOC

Charlie and John,

I may be mistaken, but I thought you said yesterday that you would send revisions to the protocol to me today. Please let me know when I can expect it.

Have a good weekend.

Michael

**From:** Weil, Michael
**Sent:** Thursday, January 03, 2008 11:41 AM
**To:** 'crisch@lksu.com'; 'jruark@lksu.com'
**Cc:** Rosenstein, Ira G.; 'Kaufman, Daniel A (35077)'
**Subject:** FW: Computer and e-storage review procedure.DOC

Charlie and John,

I believe that the attached is the latest version of the protocol. Please let us know if it is acceptable.

Michael

**From:** Weil, Michael
**Sent:** Wednesday, December 26, 2007 7:13 PM
**To:** 'crisch@lksu.com'; 'jruark@lksu.com'
**Cc:** Rosenstein, Ira G.; 'Kaufman, Daniel A (35077)'
**Subject:** Computer and e-storage review procedure.DOC

Charlie and John,

I have included a protocol at the end of the attached for reviewing the defendants' email accounts. Please let us know if it is acceptable.

Thank you,

Michael

IRS Circular 230 disclosure:
To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication, unless expressly stated otherwise, was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.

1/7/2008

====================================================================

NOTICE TO RECIPIENT: THIS E-MAIL IS MEANT FOR ONLY THE INTENDED RECIPIENT OF THE TRANSMISSION, AND MAY BE A COMMUNICATION PRIVILEGED BY LAW. IF YOU RECEIVED THIS E-MAIL IN ERROR, ANY REVIEW, USE, DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS E-MAIL IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY OF THE ERROR BY RETURN E-MAIL AND PLEASE DELETE THIS MESSAGE FROM YOUR SYSTEM. THANK YOU IN ADVANCE FOR YOUR COOPERATION.
For more information about Orrick, please visit http://www.orrick.com

1/7/2008

# EXHIBIT G



# ORRICK

January 7, 2008

Michael D. Weil
(415) 773-5794
mweil@orrick.com

*VIA E-MAIL AND U.S. MAIL*

Mr. Charlie Risch
Lawrence, Kamin Saunders & Uhlenhop
300 South Wacker Drive, Suite 500
Chicago, Illinois 60606

Re:    <u>Group One v. Deluca, et al.</u>

Dear Charlie:

We are surprised by your email today. Defendants appear to have reneged on the parties' agreement regarding computer discovery. Your counter-proposal is a 180 degree turnaround from our previous discussions and understanding. We urge your clients to reconsider their sudden change of position to avoid unnecessary motion practice and attorneys' fees.

Your clients should not lose sight of the seriousness of their actions, and that there is significant evidence that they engaged in unlawful conduct including, but not limited to, misappropriating Group One's trade secrets, infringing Group One's copyrights and engaging in other unfair business practices. At the TRO hearing, the Court expressed her concern about your clients' conduct, and then ordered your clients to make a mirror image of their computers and other electronic information storage devices, which would be turned over to us.

In furtherance of the Court's order, on December 21, 2007, you, John Ruark, Dan Kaufman and I had a lengthy call regarding a computer forensics procedure. During that call, you said that your clients would produce the mirror images of their computers and other electronic storage devices subject to a protocol. We then discussed general terms of the protocol.

I memorialized our conversation about the computer forensics procedure in a written protocol, which I sent you on December 26, 2007. On that same day, we discussed the written protocol, and agreed on several changes. I then sent you a revised protocol later that day based on our discussion. You responded in an email later that day stating: "John's and my initial reaction to [the changes in the protocol] is positive. We should be able to provide you with any additional comments by noon or so tomorrow." Later that same day, I sent



O R R I C K

Mr. Charlie Risch
January 7, 2008
Page 2

you an updated protocol to reflect our discussions regarding review of your clients' personal
email accounts.

We received no further comments or expressions of disagreement at any time from you on
December 27 or any time thereafter. Further, when we talked with you about the protocol
on January 3, 2008, you did not object to it and, in fact, said it was "fine," or words to that
effect. Indeed, you told Dan and me that your clients intended to produce the mirror images
to us today. I then asked that we finalize and execute the protocol. You agreed and said
that you would send any final revisions of the protocol to me the next day, January 4. I
followed up by email when you did not send the final protocol to me on January 4, and you
said you would send it to me today.

Instead of sending me the protocol as discussed and agreed upon by the parties, you sent me
your email reneging on the entire agreement. We do not understand your clients' sudden
reversal, as nothing has changed since we talked last Thursday. In fact, nothing has changed
since your initial conversation with Ira and Dan. Your description of events that supposedly
led to your clients' change of heart are mischaracterized and otherwise not a compelling
basis for your clients' reversal. Rather than building trust between the parties, your clients'
actions are causing the parties to drift farther apart.

As you note, the purpose of the computer forensics review is to determine whether your
clients intend "to keep, use or disclose any Group One information or to solicit Group One
employees to join a new business venture." This was not simply discussed in the context of
resolving this dispute, but the Judge ordered that this evidence be presented and mirror
images created. Defendants' change in their position thwarts the parties' ability to fulfill the
purpose of the Court's order. Moreover, as I explained to you, we cannot formulate a
specific settlement demand or even structure the parameters of such a settlement without
first conducting some discovery and investigation.

Your proposed computer forensics protocol does not accomplish any of this and only sets
the parties farther apart. For example, it is not enough to simply run search terms on your
clients computers. Rather, we require our expert to conduct a forensic examination to
determine whether your clients have transferred Group One's materials to another device,
whether they have made all electronic devices available or whether they have engaged in
spoliation of evidence. Evidence of any of the foregoing would demonstrate, among other
things, that your clients do intend to keep and use Group One information. On the other



O R R I C K

Mr. Charlie Risch
January 7, 2008
Page 3

hand, if there is an absence of any such evidence, it might suggest the contrary.  Defendants'
refusal to permit Group One's expert to conduct this discovery is unacceptable.  Indeed, it is
inappropriate for only Defendants' expert to have access to this key evidence.

Your proposal that Group One is limited to only ten search terms is also unacceptable.
There is demonstrable evidence that your clients improperly took a substantial amount of
information from Group One.  Ten search terms will not even come close to identifying
those materials, if any.  In addition, depending on what the initial search terms reveal, it may
be necessary to run additional search terms.  Frankly, I have never seen any party limited in
the number of search terms in this stage of discovery and certainly not where the evidence
shows a clear, improper taking and misappropriation of confidential and copyrighted
information.

Your clients' sudden reversal serves only to delay any resolution of this matter and cause the
parties to incur unnecessary attorneys' fees.  If we have not received an appropriate,
executed protocol agreement from you by Tuesday at 12:00 p.m. California time, and your
clients continue down their current path, then we will seek appropriate remedies, including
notifying the Court of your clients' failure to cooperate.

Feel free to call me if you have any questions.

Very truly yours,

ORRICK, HERRINGTON & SUTCLIFFE LLP

Michael D. Weil


cc:    John Ruark
       Ira Rosenstein
       Dan Kaufman